**Lonnie R. PHILLIPS, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

No. 5848.

Court of Civil Appeals of Texas, Waco.

Oct. 12, 1978.

Albert Lee Giddens, Crow, Smyrl & Kinard, Pasadena, for appellant.

Ralph E. Gustafson and Terry Hyatt, Patten & Gustafson, Houston, for appellee.

OPINION

JAMES, Justice.

This is a workmen's compensation case. Plaintiff-Appellant Lonnie R. Phillips brought this suit against Defendant-Appellee City of Houston, a self-insured political subdivision, appealing an award from the Industrial Accident Board, based upon his claim for a back injury. The Defendant-Appellee City filed a plea to the jurisdiction, asserting that Plaintiff-Appellant Phillips failed to comply with Article 8307, Sec. 5, Vernon's Texas Civil Statutes, in that Phillips failed to give timely notice to

the Industrial Accident Board of his unwillingness to abide by the final ruling and decision of said Board. The trial court, without hearing evidence on said Plea to the Jurisdiction, sustained said Plea and dismissed Phillips's cause of action, from which order of dismissal Phillips appeals. We reverse and remand.

Since the record contains no statement of facts, the material facts and dates hereinafter set out are taken from the transcript and the undisputed assertions set out in the briefs of both parties, and are as follows: On December 7, 1976, the Industrial Accident Board (hereinafter called "Board") entered an award on the claim. The formal award of the Board was received by Plaintiff Phillips's attorney on December 9, 1976. On December 23, 1976, Plaintiff's attorney mailed to the Board by first class mail, postage prepaid, notice to the Board that Plaintiff was dissatisfied with the Board's award, that he would not abide by the award, and would timely file suit in a court of competent jurisdiction to set aside and hold for naught said award. On January 4, 1977, the Board sent to the attorneys for both Plaintiff and Defendant a letter indicating that the Notice of Intent to Appeal the award had been received by the Board on December 29, 1976. Said letter last referred to is hereinafter called "the January 4, 1977, letter."

The Defendant-Appellee City attached as exhibits to its Plea to the Jurisdiction what purports to be an unauthenticated copy of the Board's award and an unauthenticated copy of the January 4, 1977, letter. Since there was no evidence heard upon the Plea to the Jurisdiction, the trial court's action in sustaining said Plea must of necessity have been based upon said two exhibits attached to the City's Plea. There is no showing in the record that these two exhibits were ever offered in evidence; however, even assuming that they were offered in evidence, we believe them to be hearsay and incompetent as proof of the matters therein stated.

Plaintiff-Appellant complains the trial court erred in admitting and considering the January 4, 1977 letter over Plaintiff's objection, upon the ground that same is hearsay and incompetent as proof of the matters stated therein, and not falling within an exception to the hearsay rule. We sustain this contention.

Article 8307, Sec. 5, V.T.C.S., in its pertinent parts provides: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision." Defendant-Appellee City's contention is that since the Board did not receive Plaintiff's notice not to abide by the award until 22 days after the date of the Board's award, that such non-compliance with Article 8307, Sec. 5 deprived the trial court of jurisdiction over Plaintiff's cause of action. However, we do not reach this contention or problem for the reasons hereinafter set out.

As stated, the letter of January 4, 1977, from the Board, attached to the City's Plea to the Jurisdiction, was not attested or certified. Article 3731a, Section 4, V.T.C.S., provides in its pertinent parts that a copy of an official writing from a public office of this State or a subdivision thereof may be made admissible as evidence of the matters contained therein by having same attested by the officer having the legal custody of the record, or by his deputy. Said statute further provides that except in the case of a copy of an official writing from a public office of this State or a subdivision thereof, the attestation shall be accompanied with a certificate that the attesting officer has the legal custody of said writing.

In the case at bar, Article 3731a was not complied with, in that the letter of January 4, 1977, was not in any way attested and certified. Therefore, said letter was hearsay and incompetent as proof of the matters stated therein, and does not fall within any exception to the hearsay rule. See *Hartford Accident and Indemnity Co. v. McCardell* (Tex.1963) 369 S.W.2d 331 at page 337; *Western Inn Corporation v. Heyl*

(Fort Worth Tex.Civ.App.1970) 452 S.W.2d 752 at page 761, NRE; *Bonanza, Inc. v. Lee* (Dallas Tex.Civ.App.1960) 337 S.W.2d 437 at page 439, no writ.

■ Appellee City argues that the letter of January 4, 1977, constitutes an admission by the Appellant that the Board received Plaintiff's Notice on December 29, 1977. We do not agree. The letter of January 4, 1977, was an act or statement by the Board, not by Appellant. Indeed, Appellant states in his brief that he had no knowledge as to when the Board received his Notice, apart from the letter of January 4, 1977. Appellee City further contends that said letter is somehow admissible and competent evidence because Appellant had a copy of same in his possession. We overrule this contention, since this fact does not keep said unattested and uncertified letter from being incompetent hearsay. Appellee City further asserts that if the trial court's consideration of said letter was error, then it was harmless error, and a reversal of the case would be an "exercise in futility" for everybody concerned. We cannot agree with this contention. Since the trial court's action was based solely upon incompetent evidence, we have no alternative but to reverse and remand the cause to the trial court.

The Plaintiff-Appellant has a point of error to the effect that he (the Plaintiff-Appellant) substantially complied with Article 8307, Section 5, because he posted his Notice to the Board in the mail on December 23, 1976, sixteen days after the date of the Board's award, at a time within the twenty-day period. We express no opinion upon this contention, because under our view of the case we do not reach this problem.

For the reasons hereinabove stated, we reverse and remand the cause to the trial court.

REVERSED AND REMANDED.