**Maria GUTIERREZ, Appellant,**

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 05–86–00126–CV.**

Court of Appeals of Texas, Dallas.

Dec. 23, 1986.

Tom P. Briggs, Dallas, for appellant.

H.C. McCracken, Carrollton, for appellee.

Before AKIN, DEVANY and McCLUNG, JJ.

ON MOTION FOR REHEARING

DEVANY, Justice.

Appellant's motion for rehearing is granted. Our opinion dated November 7, 1986 is hereby withdrawn. The following is now our opinion.

Appellant, Maria Gutierrez, sued her employer, Dallas Independent School District ("DISD"), under the Texas workers' compensation law for disability benefits resulting from a back injury which she sustained while on the job. In her sole point of error, Gutierrez claims that the trial court erred when it allowed DISD to present the testimony of Dr. Peter Kurilecz, an expert witness whose existence DISD had not revealed during discovery. Because Gutierrez had not specifically requested DISD to list its *expert* witnesses, we hold that the trial court did not err when it allowed Kurilecz to testify. We affirm the judgment of the trial court.

Gutierrez contends that the testimony of Dr. Kurilecz should not have been allowed because DISD did not reveal its intention to call him in response to Gutierrez' Interrogatory No. 7, which read, "Please state the names, addresses and phone numbers of all persons that the Dallas Independent School District or its attorney plans to call as witnesses in the trial of this cause." In its initial response to this interrogatory, DISD listed two of its fact witnesses, and, one week before trial, DISD supplemented its answer to include its two additional fact witnesses. At trial, DISD called Dr. Kurilecz. Gutierrez objected, and the trial court offered her a continuance, which was declined.

Rule 166b(5)(b) requires a party to supplement its answers to interrogatories concerning expert witnesses under certain circumstances. Rule 166b(5)(b) reads as follows:

If the party expects to call an expert witness when the identity or the subject

matter of such expert witness' testimony has not been previously disclosed *in response to an appropriate inquiry directly addressed to these matters*, such response must be supplemented to include the name, address, and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.

(Emphasis added.) If a party fails to supplement its answer in compliance with Rule 166b(5)(b), then Rule 215(5) requires the trial judge to exclude the testimony of the undisclosed witness unless good cause, sufficient to require admission, is shown. TEX.R.CIV.P. 215(5). Therefore, if DISD was required by Rule 166b(5)(b) to supplement its answer to include Dr. Kurilecz' identity, then the trial court erred in allowing Dr. Kurilecz to testify without a showing of good cause.

The question becomes, then, whether Rule 166b(5)(b) requires a party served with an interrogatory requesting the names of *all* persons who will be called as witnesses to include both fact witnesses *and* expert witnesses in its answer. We have found no case law interpreting this question under the current rules of civil procedure. Therefore, we must examine Rule 166b itself, and its predecessors, in light of earlier case law, in order to properly interpret it.

■ Rule 166b(2)(d) states that a party may obtain discovery of "any potential party and of persons having knowledge of relevant facts." Rule 166b(2)(e) permits discovery of experts and reports of experts. Thus, in Rule 166b(2), fact witnesses and expert witnesses are treated under different subsections. In addition, Rule 166b(5)(b) states, in pertinent part, "If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed *in response to an appropriate inquiry directly ad-*

*dressed to these matters*, such response must be supplemented ..." (Emphasis added.) Thus, the rule appears to require supplementation of answers to include the identity of expert witnesses only when the interrogatory has been directly addressed to expert witnesses.

■ The word "witness" itself is defined as "One who has observed so as to be able to give an account of something. An individual who has knowledge of a fact or occurrence sufficient to testify in respect to it." BALLANTINE'S LAW DICTIONARY 1374 (3rd ed. 1969). "Expert witness," on the other hand, is defined as follows:

> A person who is so qualified, either by actual experience or by careful study, as to enable him to form a definite opinion of his own respecting a division of science, branch of art, or department of trade about which persons having no particular training or special study are incapable of forming accurate opinions or of deducing correct conclusions.... A witness qualified by scientific or specialized knowledge or experience so as to be permitted to testify not only to the facts, but to his opinion respecting the facts, so far as necessary to inform the jury and enable them to understand the issues of fact and arrive at a proper conclusion.

BALLANTINE'S LAW DICTIONARY 440. While the phrase "expert witness" includes within it the word "witness," the two do not mean exactly the same thing. Therefore, we hold that DISD was not required to reveal its intention to call Dr. Kurilecz in response to Gutierrez' interrogatory inquiring about "all witnesses."

In support of this holding, we also cite *Meyerland Co. v. Palais Royal of Houston, Inc.*, 557 S.W.2d 534, 537–38 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ), where the court held that, in order to obtain discovery of expert witnesses, the party seeking discovery must *specifically* request the names of *expert* witnesses. While *Meyerland* was decided before the current rules were enacted, its principle

still applies. The *Meyerland* court analyzed the then-applicable rules as follows:

> The interrogatories were sent pursuant to Rule 168, T.R.C.P. Interrogatories may relate to any matters which can be inquired into under Rule 186a, T.R.C.P. Rule 186a permits the discovery of "information relating to the identity and location of any potential party and of persons, including experts, having knowledge of relevant facts, and the reports, factual observations and opinions of an expert who will be called as a witness ...." *In regard to expert witnesses Rule 168, supra, specifically provides* "a party may be required in his answers to identify each person whom he expects to call as an expert witness at the trial and to state the subject matter concerning which the expert is expected to testify." Interrogatory No. 8 did not specifically require Palais Royal to identify the persons whom it expected to call as expert witnesses.

> $\cdot$ $\quad$ $\cdot$ $\quad$ $\cdot$ $\quad$ $\cdot$ $\quad$ $\cdot$

> Rule 168, supra, requires a party to supplement his answer to interrogatories when he knows that the answer though correct when made is no longer true and the circumstances are such that a failure to amend the answer is in a substance a knowing concealment. Since Rule 168, supra, contemplates that a party serving interrogatories *require* that the other party identify persons he expects to call as an expert witness, he must specifically request the names of such expert witnesses. The trial court did not err in admitting the testimony of the expert witnesses.

557 S.W.2d at 537–38. (Emphasis added and emphasis in original.)

Although the current rule concerning discoverability of experts, Rule 166b(2)(e), no longer contains the exact "require" language as its earlier counterpart, it is clear that the rule *requires* a party to disclose its experts *when given an appropriate inquiry directly addressed to those matters.* *See* TEX.R.CIV.P. 166b(5)(b). Therefore, we hold that the analysis in *Meyerland* still

applies to discovery of experts under the current rules. Rule 166b clearly contemplates that, in order to discover the identity of expert witnesses, a party must specifically request the other party to identify its *expert* witnesses.

Gutierrez did not specifically ask DISD to supply the names of its expert witnesses. Therefore, DISD was not obligated to reveal them, and did not violate Rule 166b(5)(b). The trial court did not err in admitting Dr. Kurilecz' testimony.

Gutierrez claims, however, that *Yeldell v. Holiday Hills Retirement and Nursing Center*, 701 S.W.2d 243 (Tex.1985) requires us to reverse. We disagree. *Yeldell* held that a trial judge may not admit the testimony of an undisclosed witness unless good cause for admitting the testimony is shown. We agree with this holding; however, *Yeldell* concerned a party's failure to disclose a *fact* witness in response to a proper interrogatory. Gutierrez did not inquire about expert witnesses in a proper interrogatory; therefore, DISD was not required to disclose Dr. Kurilecz' identity, and the trial judge did not err in admitting his testimony.

We further note that the trial judge offered Gutierrez a continuance when she claimed surprise. The judge offered this to her even though DISD was not required to disclose Dr. Kurilecz' identity. Gutierrez declined this relief. Gutierrez' failure to avail herself of this remedy further persuades us that the trial court did not err. *See Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 at n. 3 (Tex.1984).

We affirm the judgment of the trial court.