**Maria GUTIERREZ, Petitioner,**

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Respondent.**

**No. C–6121.**

Supreme Court of Texas.

May 13, 1987.

Tom P. Briggs (Law Offices of Tom P. Briggs), Dallas, for petitioner.

H.C. McCracken (McCracken, Taylor & Nelson, P.C.), Carrollton, for respondent.

ROBERTSON, Justice.

This case involves the question of whether a "surprise" witness may be called based on an incompletely answered interrogatory.

Maria Gutierrez injured her back while working as a school cafeteria cashier for the Dallas Independent School District. She sued DISD for benefits under provisions of the Workers' Compensation Act, alleging permanent and total incapacity due to her injury. On July 22, 1985, Gutierrez propounded interrogatories to DISD, one of which was as follows:

7. Please state the names, addresses and phone numbers of all persons that the Dallas Independent School District or

it's [sic] attorneys plan to call as witnesses in the trial of this cause.

On August 30, 1985, in answer to the interrogatories, DISD alleged that its only two witnesses would be Karen Lewis, personnel manager, and B.J. Baker, school principal. In the answer to question 7, DISD also said that "[t]estimony may require calling other witnesses, but none contemplated at this time." On September 17, 1985, one week before trial, DISD supplemented its answers and provided the names of two other witnesses, Elizabeth Trefeny, a claims adjuster, and Charlene McClain, the cafeteria supervisor. At trial, DISD produced a "surprise" expert witness, Dr. Peter Kurilecz, who was allowed to testify over the objection of Gutierrez. It is clear that DISD never designated Dr. Kurilecz as a witness prior to trial, nor did Gutierrez have any reason to suspect that he would be called. The trial court offered Gutierrez a continuance, but she refused.

After a jury verdict awarding only partial temporary incapacity, the trial court rendered judgment that Gutierrez take nothing. Gutierrez appealed claiming that the wording of her interrogatory required that DISD reveal the names of all witnesses, including experts. The court of appeals disagreed, however, 722 S.W.2d 530, holding that "witnesses" and "expert witnesses" are completely separate concepts, thus the interrogatory could not be read so as to include any expert witness known by DISD. While we recognize that there are differences between lay witnesses and experts, we disagree with the court of appeals and reverse and remand this cause for a new trial.

■ The whole purpose of discovery is to allow the parties "to obtain the fullest knowledge of issues and facts prior to trial." *West v. Solito*, 563 S.W.2d 240, 243 (Tex.1978). The rules of discovery were changed to prevent trials by ambush and to ensure that fairness would prevail. In the present case we are confronted by a discovery request which was clearly deficient under the rule set out in *Employers Mut. Liability Ins. Co. v. Butler*, 511 S.W.2d 323, 324–25 (Tex.Civ.App.—Texarkana

1974, writ ref'd n.r.e.). Under present law DISD would have been completely within its rights in refusing to answer the interrogatory question. Instead, DISD answered the request and even amended its answer later to include other lay witnesses. DISD did not have the right to originally answer the question in a misleading fashion. It also did not have the authority to further misguide Gutierrez by the incomplete supplementation, knowing that Gutierrez would assume that the answers were now correct. Rule 166b(5)(a) provides that a party is under a duty to supplement discovery responses if that party knows that the answer was incomplete when made, is no longer true, or when the failure to amend would be misleading. What DISD did here was even more egregious because the supplement itself was incomplete and misleading. We hold that if a litigant propounds an improper interrogatory question, it is incumbent upon the party answering the request to object to the form of the question so that it may be reurged in the proper form. If the party answering the request does not object to the form of the question, then later tries to call a witness that was not revealed to the opposing party, the trial court should disallow the testimony of the witness unless good cause can be shown under the decisions in *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d 243, 247 (Tex.1985), and *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297–98 (Tex. 1986).

■ Inasmuch as DISD failed to properly answer the discovery requests, Dr. Kurilecz's testimony should not have been allowed by the trial court without the showing of good cause by DISD. The court of appeals recognized that if DISD had a duty to supplement, then error was committed by the trial court because no good cause was shown. We agree with such reasoning. Such error amounted to a denial of Gutierrez's rights as was reasonably calculated and probably did cause rendition of an improper judgment. TEX.R.APP.P. 81.

■ As a final note, we specifically disapprove of the language of the court of

appeals' opinion which intimates that Gutierrez should have taken a continuance when it was offered by the trial court. Once it is shown that a party did not timely make necessary supplements in its answers to interrogatories, the sanction against use of that witness is *automatic*. *Morrow, supra* at 297. It then becomes the burden of the party seeking to call the witness to show good cause as to why the answers were not supplemented. *Morrow, supra* at 298. It is no longer the burden of the questioning parties to show surprise, or to accept a continuance forced on them. *Yeldell, supra* at 247.

Therefore, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for a new trial.