Wendy Ann **WILLIAMS**, Relator,

v.

The Honorable Verla Sue **HOLLAND**,

v.

**Judge of the 296th Judicial District Court of Collin County, Texas, Respondent.**

No. 05–87–00899–CV.

Court of Appeals of Texas, Dallas.

Oct. 19, 1987.

Bill Glenn, Plano, for relator.

Mike T. Everett, Dallas, for respondent.

Before STEPHENS, STEWART and BAKER, JJ.

BAKER, Justice.

Relator Wendy Ann Williams seeks a writ of mandamus to compel the Honorable Verla Sue Holland, Judge of the 296th Judicial District Court of Collin County, Texas (Respondent), to reverse her order of August 14, 1987, requiring Williams to answer written interrogatories propounded by the real party in interest James E. Lane regarding the divorce action pending between Williams and Lane in trial court cause #H86-308d-296. The relator contends the information is privileged from discovery. We recognize a privilege, but conclude it has been waived by failure to assert timely objections.

On June 10, 1987, Lane served interrogatories on Williams, seeking information about details of all of the acts or omissions of Lane which Williams would offer in evidence upon the trial of the cause to support her allegations in the divorce petition against Lane, and also requesting Williams to state the names and addresses of all witnesses that she would call upon the trial of the cause. Williams responded to these interrogatories on July 23, 1987, thirteen days late. Williams claimed the information sought was privileged because it was either her attorney's work product, a written statement of a potential witness or party, a communication by an agent, or generally privileged. Each of these assertions of privilege are those provided by rule 166b of the Texas Rules of Civil Procedure. Lane sought sanctions, contested the existence and applicability of any privilege, and, further alleged that the refusal to answer the interrogatories was in violation of rule 168 of the Texas Rules of Civil Procedure. The trial court ordered Williams to answer the interrogatories, and she now seeks mandamus relief in this court.

One of the interrogatories that Williams has been ordered to answer requests that she furnish the names and addresses of all witnesses that she would call upon the trial of the case. An interrogatory framed in this manner has been specifically held to be improper. *Gutierrez v. Dallas Independent School District*, 729 S.W.2d 691, 693 (Tex.1987); *Employers Mutual Liability Ins. Co. of Wisconsin v. Butler*, 511 S.W.2d 323, 325 (Tex.Civ.App.—Texarkana 1974 writ ref'd n.r.e.). *See also Dyson v. Olin, Inc.*, 692 S.W.2d 456, 461 (Tex.1985) (Kilgarlin, J., concurring). We conclude, however, the privilege has been waived in this case. Rule 168(6) of the Texas Rules of Civil Procedure requires objections to interrogatories to be made within thirty days after the interrogatories are served. A failure to timely object to interrogatories waives any objection, unless an extension of time is granted or good cause is shown for the delay. *Hobson v. Moore*, 734 S.W.2d 340 (Tex.1987); *Independent Insulating Glass, Inc. v. Street*, 722 S.W.2d 798, 802 (Tex.App.—Ft. Worth 1987) (orig. proceeding). In this case no extension of time was sought, nor was any justification offered to excuse the late filing.

The petition for writ of mandamus is denied.