Rafael VILLARREAL, Sr., Relator,

v.

The Honorable John F. DOMINGUEZ, Judge of the 93rd Judicial District, Respondent.

No. 13–87–538–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1988.

Rehearing Denied March 17, 1988.

Carter C. White, San Juan, for relator.

B. Buck Pettitt, McAllen, for respondent.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Relators petition this Court for a writ of mandamus to be issued against the Honorable District Judge John F. Dominguez. Relators argue that respondent erred in holding that certain documents in possession of the defendant in the lawsuit below, the City of McAllen, were not discoverable. We agree and conditionally issue the writ.

In the suit from which this original proceeding has arisen, Relators sued the City of McAllen for damages arising from the death of their fourteen-year-old son, who hanged himself while in the city jail. On July 10, 1987, Relators served the City a request to produce certain documents concerning the death of their son, including all police reports and arrest records. The City filed no formal response to the production requests nor did it move for a protective order. The Relator moved to compel the production on September 28, 1987. The trial court ordered the City to turn over the documents. Claiming the documents were not discoverable, the attorneys for the City gave them to the trial judge on October 5, 1987, for an *in-camera* inspection accompanied with a letter opinion from the Attorney General of Texas. On December 14, 1987, the court determined that the documents were privileged from discovery under the Texas Family Code and refused to release all but two of them to the Relators. This original proceeding resulted.

Mandamus is available to correct a clear abuse of discretion in a discovery matter. *General Motors Corp. v. Lawrence*, 651 S.W.2d 732, 733 (Tex.1983). Thus, we must determine if Respondent's refusal to order the release of the documents to Relator was an abuse of discretion. *Id.*

The City asserts that the documents were privileged and so not discoverable under either the Texas Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Vernon Supp.1988), or Tex.Fam.Code Ann. § 51.14(d) (Vernon 1986).

We need not decide that issue. The City has waived its right to withhold the documents from discovery. In *Hobson v. Moore*, 734 S.W.2d 340 (Tex.1987), the Supreme Court held that section 3(a)(8) of the Open Records Act creates a privilege for law enforcement officials to withhold the listed types of documents from discovery in a civil suit. The plaintiff there sued police officers concerning their investigation into his possible connection with thefts of heavy equipment. The plaintiff served interrogatories on the officers seeking information about their investigation. The officers claimed the information was privileged. The Supreme Court agreed with the officers, observing that the Open Records Act made the information privileged from discovery. However, the Court held that the police officers *waived* that privilege by failing to timely assert it. The Court reasoned that Tex.R.Civ.P. 168 allows thirty days after service for answers or objections to interrogatories to be filed. Since the officers did not assert their privilege by objecting to the interrogatories on that basis prior to the expiration of the thirty-day period, the Court held they waived their privilege and the trial court acted properly in ruling that the documents were discoverable. *Hobson*, 734 S.W.2d at 341; *accord, Williams v. Holland*, 740 S.W.2d 59, 60 (Tex.App.—Dallas 1987, orig. proceeding); *Independent Insulating Glass, Inc.*, 722

S.W.2d 798, 802 (Tex.App.—Fort Worth 1987, writ dism'd).

Likewise, in the instant case, the City of McAllen failed to either seek protection or to object to the request for production within thirty days of the service of the request to produce the documents. Under Rule 167(2), the party who wishes to object to a request to produce has thirty days after service in which to do so. Therefore, under the authority of *Hobson,* by failing to object to the request for production within the thirty-day time period, the City has waived its privilege from producing the documents.[1]

Under Rule 167, the trial court has the discretion to extend the thirty-day period upon a showing of good cause. The City argues that the trial court implicitly extended the deadline and found good cause for the City's lateness in responding to the request to produce since the trial court ultimately decided not to release the documents.

■ We disagree. A finding of good cause must be supported by evidence. The Supreme Court has held that exceptions to the discovery rules requiring good cause are proper only upon a proper showing of necessity and a specific finding of good cause by the trial court. *See E.F. Hutton & Co., Inc. v. Youngblood,* 31 Tex.Sup.Ct. J. 65, 741 S.W.2d 363 (1987); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex. 1986); *Yeldell v. Holiday Hills Retirement & Nursing Center,* 701 S.W.2d 243, 246 (Tex.1986). There is nothing in the record before us to indicate any attempt by the City to show good cause for its delay, nor is there any finding by the trial court recognizing such a showing of good cause.

■ In the absence of a showing and a finding of good cause for delay, we hold that the trial court abused its discretion in

failing to order the production of the documents sought by Relators.

We are confident the trial judge will abide by this decision. The writ of mandamus is conditionally granted, and will not issue if the respondent withdraws his order of December 14, 1987, in conformity with this opinion.

---

1. The documents sought pertained to the arrest and jailing of the juvenile whose death gave rise to the litigation. The plaintiffs, relators here, sue for damages that arise from the death of their son, standing in his stead. The confidentiality of the arrest records of juveniles under Art. 51.14 of the Family Code is for the protection of the arrested juvenile. We express no opinion on the ability of the municipality to waive by inaction the protections of the Family Code to arrest records of another juvenile who is not seeking his records or who is not represented.