**Domingo V. GARCIA, Appellant,**

v.

**William M. ALLEN, Jr., M.D., Appellee.**

**No. 04–87–00414–CV.**

Court of Appeals of Texas,
San Antonio.

April 29, 1988.

Rehearing Denied June 14, 1988.

John W. Donovan, Gano & Donovan, Houston, for appellant.

James A. Williams, Kevin J. Keith, Bailey & Williams, Dallas, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

BUTTS, Justice.

Plaintiff Domingo V. Garcia appeals an adverse jury verdict. He sued William M. Allen, Jr., M.D. for negligent medical care and treatment. Allen was treating Garcia for a fractured heel which developed an infection. The significant issue was wheth-

er plaintiff had signs and symptoms of an infection when treated by the doctor on April 30, 1982. The court excluded the proffered testimony of Martha and James Pendelton, and the exclusion forms the basis of this appeal.

■ The two points of error are that the trial court abused its discretion, first, by ruling that plaintiff failed to bring an interrogatory answer forward with the names and address of the possible witnesses, thereby failing to supplement answers to interrogatories and, second, by prohibiting plaintiff from calling Martha and James Pendleton as fact witnesses at trial.

Plaintiff's theory of recovery was that he suffered from a post-surgery infection that was draining and malodorous when he was examined by the defendant on April 30, 1982, and the doctor's actions at that time constituted negligence. It was undisputed that defendant provided follow-up care to plaintiff after his heel surgery. This included the April 30, 1982 office visit during which defendant dressed the wound. Allen testified that at that time, the pressure sore, caused by the foot swelling and pressing against the inside of the cast, was healing with no draining or odor present. In contrast, plaintiff and his roommate, Carlton Ingram, both testified that on April 30th the sore was an open draining wound with a foul odor. The jury found that the defendant was not negligent.

Defendant's interrogatory number six, filed December 13, 1983, requested plaintiff to:

6. Please list the names and addresses of any witnesses to the occurrence made the basis of this suit or other persons having knowledge of any of the relevant facts concerning the occurrences made the basis of this suit.

Five months later plaintiff filed his response:

The defendant, the physicians mentioned in answers to interrogatories and other medical personnel in my medical records.

No mention was made of the names and address for the two Pendletons who are now described as "critical witnesses to appellant's (plaintiff's) case."

In a hearing outside the presence of the jury, plaintiff contended the interrogatory answer had been supplemented by his own deposition testimony, taken May 30, 1985. However, an examination of the deposition testimony shows he simply referred to the Pendletons as being among people who had visited him during his initial hospitalization for the heel surgery and that they subsequently were among those who complained of an odor emitted by his foot. No address was provided in the deposition, and it was stated that they were temporarily "overseas traveling." The deposition discloses no express statement that plaintiff intended that information to serve as a supplemental answer to his interrogatory answers previously filed in the case.

Having failed to provide the names and address in his initial answers to defendant's interrogatory, it was incumbent upon plaintiff to provide this information in a supplemental interrogatory answer "not less than thirty days prior to the beginning of trial." TEX.RULE CIV.PROC. Rule 166b(6)(a).

Plaintiff objects on appeal that defendant's interrogatory was "overly broad, vague and ambiguous." TEX.RULE CIV. PROC. 168(6) expressly requires a party to serve written objections to specific interrogatories or portions thereof on or before the date on which answers are due. Objections not made by this time are waived as a matter of law unless an extension of time has been obtained by agreement or order of the court or good cause is shown for failure to object within the thirty day period. *Independent Insulating Glass/Southwest, Inc. v. The Honorable Judge John Street*, 722 S.W.2d 798, 802 (Tex.App.—Fort Worth 1987, writ dism'd); *See also Hobson v. The Honorable Louis Moore*, 734 S.W.2d 340, 341 (Tex.1987) (failure to timely object to interrogatories as requesting privileged information constituted a waiver of the privilege). Failing to timely object constitutes waiver of the objection advanced for the first time on appeal.

If a party answering an interrogatory does not object to the form of the question, then later tries to call a witness that was not revealed to the opposing party, the trial court should disallow the testimony of the witness unless "good cause" can be shown for the failure to supplement. *Gutierrez v. Dallas Independent School Dist.*, 729 S.W.2d 691, 693 (Tex.1987); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986); *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243, 246–247 (Tex.1985).

Once it is shown that a party did not timely make necessary supplements to its answers to interrogatories, the sanction against use of that witness is automatic. *Gutierrez, supra* at 694. The automatic exclusion may be overcome, however, if the party offering the testimony can demonstrate "good cause" as to why the answers were not supplemented. *Id.* citing *Morrow*, 714 S.W.2d at 298.

In this case plaintiff's bills of exception with the Pendletons testifying failed to show any evidence of good cause as to why the answers to the interrogatory were not supplemented. The testimony revealed that plaintiff had asked the Pendletons on at least two occasions about giving a deposition in support of his cause of action and that these requests were made about a year apart. Further it was shown that plaintiff was aware that the Pendletons lived around the corner from the Carlton Ingram house in which plaintiff lived. Mrs. Pendleton described their relationship with the plaintiff as "very close friends" and displayed knowledge of his initial injury and subsequent treatment made the basis of his cause of action. The evidence suggests that at all relevant times plaintiff had the knowledge and ability to provide defendants with the names and address of the Pendletons. These facts weigh against plaintiff's burden to show good cause why his interrogatory answers were not supplemented. *See Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 142–143 (Tex. App.—Corpus Christi 1986, no writ).

Even if the district court did commit error by excluding the testimony, it was not reasonably calculated to cause nor did it probably cause rendition of an improper judgment because the excluded testimony was already before the jury through other witnesses.

The bills of exception for the Pendletons show they would have testified, on the basis of periodically observing plaintiff during the times in question, that his pressure sore was draining and had an offensive odor.

The condition of plaintiff's pressure sore as actively draining and giving off a foul odor was presented to the jury by plaintiff's own testimony and that of his roommate Ingram. The testimony of Ingram was in greater detail and depth than that offered by the Pendletons. He testified that he assisted the plaintiff on a daily basis with the care of the injured foot, drove plaintiff to Dr. Allen's office on April 30, 1982, and further testified that on that date the sore was draining and had a foul odor. It is significant that despite the fact that Ingram also was not identified in plaintiff's answer to the interrogatory, the court did allow his testimony after learning of its nature in the bill of exception.

The exclusion of the testimony as a sanction for failure to disclose the identification of the witnesses was not an abuse of discretion. *Morrow*, 714 S.W.2d at 298 citing *Downer v. Aquamarine Operations, Inc.*, 701 S.W.2d 238 (Tex.1985) cert. denied 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In addition, exclusion of cumulative evidence is not reversible error. *Reina v. General Accident Fire & Life Assurance Corp.*, 611 S.W.2d 415, 417 (Tex.1981); *Whitener v. Traders & General Ins. Co.*, 155 Tex. 461, 289 S.W.2d 233, 236 (1956). The points of error are overruled.

The judgment is affirmed.