**Margarita ROBLEDO and Husband, Teodoro Robledo, Appellants,**

v.

**The GREASE MONKEY, INC., Appellee.**

**No. 13-87-404-CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 6, 1988.

Brinkley L. Oxford, Oxford & Oxford, Edinburg, for appellants.

Melvin A. Krenek, San Antonio, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a take-nothing judgment rendered in a slip and fall/premises liability action. Appellants, the plaintiffs below, assert one point of error for review. We affirm the judgment of the trial court.

The record reveals that on February 18, 1985, appellant, Margarita Robledo, accompanied her daughter, Martha Martinez, to get her car serviced at "The Grease Monkey, Inc.," the appellee. Upon leaving the premises, Margarita slipped and fell on a sidewalk in the front of appellee's office.

Appellants brought suit alleging that Margarita had stepped on an uneven surface which "sloped downward" away from the building. They further alleged the surface was slippery due to water, gravel, and/or oil on the sidewalk.

In order to prove that the surface was not uneven or "sloped," counsel for the

appellee introduced photographs of the sidewalk during trial. These photographs showed that the surface of the sidewalk was flat. After examining the photographs, both Margarita and her daughter testified that they believed the configuration of the sidewalk had been changed since the accident.

In order to rebut this testimony, counsel for the appellee called Roy Gonzalez, an undisclosed witness, to testify. The trial court allowed the witness to testify over the objection of the appellants. Gonzalez testified, during direct examination, that he had constructed the sidewalk several years before the accident occurred, and that the configuration of the sidewalk had not been changed since its construction.

By their first point of error, appellants contend that the trial court erred in allowing Gonzalez to testify when the appellee had failed to supplement its interrogatories regarding the disclosure of expert or factual witnesses. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986); *Yeldell v. Holiday Hills Retirement Nursing Center, Inc.*, 701 S.W.2d 243 (Tex.1985); Tex.R.Civ.P. 166b(5) & 215(5).

■ We note initially that Gonzalez was offered as a fact witness, not an expert witness. The record reveals that no expert testimony was elicited from him until cross-examination by counsel for appellants. Therefore, appellee had no duty to disclose Gonzalez in response to appellants' interrogatory question concerning disclosure of expert witnesses.

■ The only question concerning fact witnesses in appellants' interrogatory reads in pertinent part as follows:

[Q:] Please state as to each and every witness known to you, your attorney, or any agent of the Defendant to have *seen, heard, or known about the alleged occurrence* made the basis of this suit:
a) the name and address of each:
b) *the location where each witness was at the time he or she saw, heard, or learned about the alleged occurrence:*
(emphasis added).

Appellants argue that this question should be interpreted as inquiring about witnesses with knowledge of relevant facts. Conversely, appellee contends that it did not have a duty to disclose Gonzalez since appellants' interrogatories did not inquire about witnesses with knowledge of relevant facts.

Clearly the above interrogatory inquired only of witnesses who saw, heard, or knew about the accident itself or events preceding or following it. It did not ask, as permitted by Tex.R.Civ.P. 166b(2)(d), about the identity of any potential party or persons having knowledge of relevant facts. *See Phaup v. Boswell*, 731 S.W.2d 625, 627 (Tex.App.—Houston [1st Dist.] 1987, no writ).

Roy Gonzalez was not a witness who saw, knew, or heard about the accident or events immediately preceding or following it. The appellee, therefore, had no duty to disclose Gonzalez's name in response to appellants' interrogatory or to later include it in its supplemental answer.

During oral arguments counsel for appellants argued that it was evident the appellee interpreted the question as inquiring about witnesses with knowledge of relevant facts, because it disclosed Fernando Balandrano and Albert Canales, who were not eye witnesses to the accident. Essentially appellants contend that the appellee had a duty to disclose Gonzalez, since it disclosed other witnesses who had knowledge of relevant facts. We disagree.

The record reveals that in appellee's original response to appellants' interrogatories it listed Balandrano, appellee's manager, who was servicing a car when he was informed by an employee that Margarita had fallen. Clearly Balandrano was not an eyewitness, but had "heard" about the accident. Therefore, the appellee simply complied with his duty to disclose this witness. Likewise, appellee listed Canales in its third supplemental response as a customer who arrived shortly after the accident. Once again the appellee was complying with his duty to disclose this witness in response to appellants' interrogatory as a witness who possibly could have heard

about the accident or seen an event immediately thereafter.

Since the appellants' interrogatory did not ask for disclosure of witnesses with knowledge of relevant facts, appellant had no duty to disclose Gonzalez. Therefore, appellee was entitled to call Gonzalez to testify about the configuration of the sidewalk.

■ Appellants, citing *Gutierrez v. Dallas Independent School District*, 729 S.W. 2d 691 (Tex.1987), also contend that since the appellee responded to the interrogatory and never objected to its form, they had a duty to disclose the witness. Appellants' argument is not persuasive.

The Texas Supreme Court in *Gutierrez*, held that if a party asks an improper interrogatory question, the party answering the question must object to its form. *Id.* at 693. The Court continued that "[i]f the party does not object to the form of the question, then later tries to call a witness that was not revealed to the opposing party, the trial court should disallow the testimony of the witness unless good cause can be shown...." *Id.*

In the instant case, the interrogatory question was a proper question seeking discoverable information and was not subject to objection, but even a liberal interpretation of the interrogatory imposed no duty on appellee to provide the name of the witness Gonzalez in response thereto.

The trial court did not commit error in failing to exclude the testimony of the witness, therefore appellants' only point of error is overruled.

The judgment of the trial court is AFFIRMED.