**Bill H. YARBOROUGH, Appellant,**

**v.**

**TARRANT APPRAISAL DISTRICT and Appraisal Review Board, Appellees.**

**No. 2–92–103–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 19, 1993.

Bill H. Yarborough, Yarborough Law Offices, Bedford, pro se.

Tamara Lynn Farris, Cantey & Hanger, Fort Worth, for appellees.

Before WEAVER, C.J., LATTIMORE, J., and HARRY HOPKINS, J. (Retired) Sitting by Assignment.

OPINION

WEAVER, Chief Justice.

Appellant, Bill H. Yarborough, brought this suit against appellees, Tarrant Appraisal District and Appraisal Review Board, attacking the appraised value of certain personal property owned by appellant. By this appeal, appellant attacks only

that portion of the trial court's judgment which denied him recovery of attorney fees.

We reverse and remand.

Under point of error one the appellant complains of the trial court's refusal to allow him to testify concerning attorney fees, based on a finding that appellant's interrogatory response was not adequate. The interrogatory served on appellant and his response thereto, as they bear on this appeal, are as follows:

> INTERROGATORY NUMBER 2: Please identify each expert who you expect or anticipate to call at trial, or each expert who has prepared any document or tangible thing containing impressions and opinions which either in whole or in part form the basis of an opinion of an expert whom you anticipate or expect to be called as a witness.
>
> ANSWER: BILL H. YARBOROUGH— A tax rendition has been prepared and submitted to Tarrant Appraisal District.
>
> The following individual may be called as a witness:
>
> Richard Eggleston
>
> Mid–Cities Office Systems
>
> 1250 Champion Circle
>
> Carrollton, Texas 75006
>
> Mr. Eggleston will testify as to the market value of the property in my office. Any documents related to his opinion will be provided to Defendants when it is available.

When the appellant, an attorney, attempted to testify respecting his attorney fees, the appellees objected to such testimony as inadmissible because appellant failed to fully respond to the interrogatory, claiming that the answer only mentioned him as providing information regarding the value of the property, and claiming that appellant had a duty to supplement his response to make it complete in order for him to be able to testify regarding attorney fees. The trial court refused to allow the appellant to testify regarding attorney fees because the response failed to disclose him as an expert to testify to such matters.

We believe the issue here is whether appellant had a duty in responding to the interrogatory to disclose that he, as an expert witness, would be testifying regarding attorney fees. The interrogatory in question contains two separate clauses. The first clause asked appellant to identify each expert "whom you expect or anticipate to call at trial," in response to which appellant listed his name without any reference as to what area or areas he might testify as an expert. A party may obtain discovery of the identity of an expert who may be called as an expert witness, the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the expert and facts known to the expert which relate to or form the basis of the mental impressions and opinions held by the expert. See TEX. R.CIV.P. 166b(2)(e)(1). The interrogatory before us inquired only as to the identity of each expert which appellant expected to call at trial. It did not inquire as to the subject matter on which the witness was expected to testify. Appellees argue that the ruling of the trial court must be upheld because appellant failed to designate himself as an expert witness testifying as to attorney fees, and accordingly the interrogatory was not answered completely nor supplemented.

If a party expects to call an expert witness when the subject matter of such witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to that matter, such response must be supplemented to include the substance of the testimony concerning which the expert witness is expected to testify. See TEX.R.CIV.P. 166b(6)(b). We do not read that rule as requiring a party to supplement a response as to matters to which there has been no appropriate inquiry directly addressing the matter complained of.

The interrogatory before us does not in any way inquire as to the subject matter of appellant's expert testimony, and in the absence of such inquiry we hold that he had no duty to disclose such subject matter in his response or by way of supplementing

**554**

the same. *Robledo v. Grease Monkey, Inc.,* 758 S.W.2d 834, 835–36 (Tex.App.—Corpus Christi 1988, no writ). *See also Exocet Inc. v. Cordes,* 815 S.W.2d 350, 353 (Tex.App.—Austin 1991, no writ) (no duty to supplement interrogatory answer when party does not know answer is incomplete); *Hogan v. Credit Motors, Inc.,* 827 S.W.2d 392, 396 (Tex.App.—San Antonio 1992, writ denied) (abuse of discretion to sanction a party for answering an interrogatory generally which inquires generally).

We interpret the last clause contained in the interrogatory as inquiring only as to the identity of a consulting expert witness who has prepared a document containing impressions and opinions which may form the basis of an opinion of an expert witness whom the appellant anticipated or expected to call as a witness. Here again, nothing in that clause inquired as to the subject matter in which such consulting expert witness might have been involved, and certainly does not inquire into the subject matter of appellant's attorney's fees.

We hold on the limited issue before us, and in light of the wording of the interrogatory, that appellant had no duty to disclose in his response the subject matter to which he, as an expert witness, would testify at the trial. We further hold that the trial court abused its discretion in refusing to allow appellant to testify regarding attorney fees. Point of error one is sustained.

Point of error two alleges error by the trial court in not awarding appellant attorney fees. No testimony respecting attorney fees was admitted at the trial. Appellant cites no authorities under this point and is apparently requesting this court to reverse the judgment of the trial court respecting attorney fees and to render judgment for attorney fees in his favor on the basis of an affidavit contained in his *bill* of exceptions. This we refuse to do, and having sustained point of error one we reverse the judgment of the trial court and remand the case for a new trial respecting attorney fees.