

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00423-CV

Blanca J. **COLUNGA**,
Appellant

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2019CV07308
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice
    Irene Rios, Justice

Delivered and Filed: June 26, 2024

REVERSED AND REMANDED

Appellant Blanca J. Colunga appeals the trial court's February 28, 2022 order granting appellee State Farm Mutual Automobile Insurance Company's motion to strike her expert witness designation on attorney's fees. She argues the trial court erred by (1) striking her attorney's fees expert and (2) failing to permit her attorney to testify as a factual expert. We reverse the trial court's order and remand the case to the trial court for a determination on attorney's fees.

**BACKGROUND**

In 2019, Colunga sued Joann Moncada for negligence resulting from a car accident. Colunga later amended her petition and impleaded her vehicle insurance carrier State Farm Automobile Insurance Company ("State Farm"), seeking a declaratory judgment against it for underinsured motorist coverage as well as reimbursement for attorney's fees. On December 28, 2019, State Farm filed a general denial that included Texas Rule of Civil Procedure 194 requests for disclosure. Colunga provided her disclosure responses in July 2021, identifying her counsel James Mazuca as her testifying expert on the reasonableness and necessity of attorney's fees.

Then, on December 6, 2021, the parties made a series of filings. Colunga filed supplemental responses to State Farm's requests for disclosure that included Mazuca's opinion on reasonable and necessary attorney's fees. State Farm filed: (1) a motion to strike Mazuca's expert witness designation pursuant to Texas Rule of Civil Procedure 193.6 and exclude Colunga's claim for attorney's fees, and (2) a motion for bifurcation, seeking a separate trial on attorney's fees, to which Colunga agreed. A few hours later, Colunga filed James V. Mazuca's Affidavit on attorney's fees.[1]

The case was called to trial on December 8, 2021, and the jury returned with findings favorable to Colunga on damages. Thereafter, in February 2022, Colunga filed a motion for attorney's fees, and the trial court held a hearing on February 18, 2022 on the claim for attorney's fees. The trial court ultimately granted State Farm's motion, striking "Plaintiff's expert designation of James Mazuca . . . from the record" and dismissing Colunga's claim for attorney's

---

[1] Mazuca amended the affidavit on attorney's fees multiple times between December 2021 and February 2022.

fees. The trial court then entered a final judgment in the case on April 5, 2022, awarding Colunga $30,000 pursuant to her insurance policy's uninsured/underinsured motorist endorsement.[2]

This appeal followed.

### ORDER GRANTING MOTION TO STRIKE EXPERT ON ATTORNEY'S FEES

Colunga argues the trial court erred by striking her expert witness designation of Mazuca on attorney's fees. She further contends Mazuca was entitled to testify as a fact witness to his attorney's fees, and she was otherwise entitled to prove attorney's fees by affidavit.

### A. Standard of Review

"A court of appeals reviews a trial court's decision under Rule 193.6(a) for abuse of discretion." *Jackson v. Takara*, 675 S.W.3d 1, 6 (Tex. 2023) (per curiam); *see, e.g.*, *Sundance Energy, Inc. v. NRP Oil & Gas LLP*, No. 01-18-00340-CV, 2019 WL 3819523, at *7–8 (Tex. App.—Houston [1st Dist.] Aug. 15, 2019, pet. denied) (mem. op.). "In general, a trial judge abuses her discretion if she acts arbitrarily, unreasonably, or without regard to any guiding rules and principles." *Monzingo v. Flories*, No. 05-22-00719-CV, 2023 WL 6632799, at *2 (Tex. App.—Dallas Oct. 12, 2023, pet. denied) (mem. op.). Specifically, "a trial judge abuses her discretion if (1) she fails to analyze or apply the law correctly, or (2) with regard to factual issues and matters committed to her discretion, she can reasonably reach only one decision based on the record before her but fails to do so." *Id.* In the event we determine an evidentiary ruling is erroneous, "we will not reverse [the] ruling unless the error probably caused the rendition of an improper judgment or prevented a proper presentation of the appeal." *Sundance Energy*, 2019 WL 3819523, at *7; *see* TEX. R. APP. P. 44.1(a).

---

[2] Colunga nonsuited her case against Moncada in August 2021.

## B. Discovery Under the Texas Rules of Civil Procedure

This case turns on the application of several discovery rules to the facts of this case. Pursuant to Rule 195.2 of the Texas Rules of Civil Procedure, a party "seeking affirmative relief" "must" designate their experts ninety days before the end of the discovery period. TEX. R. CIV. P. 195.2(a).[3] The discovery period ends thirty days prior to trial. *See id.* R. 190.3(b). Designation requires "furnish[ing] information described in Rule 195.5(a)." *Id*. R. 195.2. In relevant part, Rule 195.5(a) provides:

> Without awaiting a discovery request, a party must provide the following for any testifying expert:
>
> (1) the expert's name, address, and telephone number;
>
> (2) the subject matter on which the expert will testify; [and]
>
> (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information[.]

*Id.* TEX. R. CIV. P. 195.5(a).

If a party fails to provide the required information in Rule 195.5(a), the exclusion of the evidence is automatic pursuant to Rule 193.6(a). *See Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297 (Tex. 1986). "The purposes of Rule 193.6 are threefold: (1) to promote responsible assessment of settlement, (2) to prevent trial by ambush, and (3) to give the other party the opportunity to prepare rebuttal to expert testimony." *In re D.W.G.K.*, 558 S.W.3d 671, 680 (Tex. App.—Texarkana 2018, pet. denied). Rule 193.6(a) provides:

> A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness

---

[3] The Legislature amended several discovery rules around the time the proceedings in this case took place. *See, e.g.*, *Monzingo*, 2023 WL 6632799, at *2 (citing *Final Approval of Amendments to Texas Rules of Civil Procedure 47, 99, 169, 190, 192, 193, 194, 195, 196, 197, and 198*, 84 TEX. B.J. 149 (Feb. 2021) (Misc. Docket No. 20-9153)). "All references to the Rules of Civil Procedure in this opinion are to the version of the Rules applicable to this case." *Id.*

(other than a named party) who was not timely identified, unless the court finds that:

> (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

> (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

*Id.* R. 193.6(a). Succinctly, a party who fails to timely designate an expert may not offer their expert testimony into evidence "unless the trial court finds that (1) there was good cause for the failure or (2) the failure 'will not unfairly surprise or unfairly prejudice the other parties.'" *Takara*, 675 S.W.3d at 6 (quoting TEX. R. CIV. P. 193.6(a)); *see, e.g.*, *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) ("Under Rule 193.6, discovery that is not timely disclosed and witnesses that are not timely identified are inadmissible as evidence. A party who fails to timely designate an expert has the burden of establishing good cause or a lack of unfair surprise or prejudice before the trial court may admit the evidence." (citation omitted)).

### C. The Record

Turning to the record, Colunga's amended petition impleading State Farm included a claim for attorney's fees. State Farm filed its general denial requesting, among other things, an expert disclosure. On July 12, 2021, Colunga responded to State Farm's requests for disclosure and identified her attorney "James V. Mazuca" as a testifying expert on the subject matter of reasonableness and necessity of attorney's fees and included his address and telephone number. The disclosure further provided Mazuca had reviewed the documents in the case, and his "opinions will be set out in an affidavit in the future." It also indicated his "resume will be sent at a later date."[4]

---

[4] The Case Summary in the record shows State Farm moved for a continuance and moved for entry of a docket control order. The record does not include the actual motion, and the record does not include any such order.

On December 6, 2021, Colunga filed her "First Supplemental Responses to Defendant's Request for Disclosure," which duplicated the initial disclosure response and supplemented "Plaintiff's counsel opinion is that $40,000 is a reasonable fee in this case," along with the basis for the opinion. Later that same day, State Farm filed a motion to strike Mazuca as an expert witness and exclude Colunga's claim for attorney's fees. State Farm argued Colunga's claim for attorney's fees was automatically excluded because Colunga never timely supplemented her July 2021 disclosures with materials relied upon by her designated expert and was without good cause for her failure to do so. Finally, it contended Colunga's attempt to offer Mazuca's opinion at this late stage would cause prejudice and unfair surprise because it would not otherwise be able to depose Mazuca, retain rebuttal experts, or prepare for the trial on attorney's fees. State Farm also filed a motion to bifurcate for a separate trial on attorney's fees, to which Colunga agreed. A few hours later, Colunga filed an affidavit on Mazuca's attorney's fees, elaborating on the First Supplemental Responses and attaching records and bills as exhibits.[5]

On February 18, 2022, the trial court held a hearing on State Farm's motion to strike Colunga's expert designation of Mazuca. State Farm again reiterated the July 2021 Mazuca expert designation was insufficient to provide the general substance of Mazuca's impressions or opinions and therefore should be automatically excluded; it also argued the December 2021 supplemental designation was untimely. State Farm further argued there was no good cause showing why the designation was not provided sooner, discovery was never reopened, and the untimely disclosure constituted unfair surprise because it never had the opportunity to conduct full discovery on attorney's fees or retain a counter-expert.

---

[5] Colunga amended the affidavit multiple times between December 2021 and February 2022.

Colunga responded with several arguments. She argued she timely designated her attorney as an attorney's fees expert in July 2021 and provided the general substance of his opinions consistent with the requirements of this court's decision in *DDR DB Stone Oak, LP v. Rector Party Co., LLC*, by explaining her counsel intended to testify as to the reasonableness and necessity of attorney's fees. *See* No. 04-17-00018-CV, 2017 WL 6032541, at *6 (Tex. App.—San Antonio Dec. 6, 2017, no pet.). She further argued when she had supplemented her disclosure two months earlier in December, she had done so more than thirty days before the present hearing and therefore, the disclosure was made before any discovery deadline. She further contended Mazuca was not a retained expert, and by providing her counsel intended to testify about the reasonableness and necessity of attorney's fees, she had complied with the rules. She added she could not provide all records and total hours even if she had wanted to because her attorney had not yet completed litigating the case. She also observed she had included a claim for attorney's fees in the amended petition. She argued that as a result, there was no unfair surprise because State Farm knew Mazuca was going to testify on attorney's fees. Finally, Colunga argued if the trial court intended to strike her designation, it should, in the alternative, grant a continuance.[6]

On February 28, 2022, the trial court ordered Colunga's expert designation of Mazuca struck from the record and dismissed Colunga's claim for attorney's fees.

### D. Analysis

Colunga argues (1) her July 2021 disclosure complied with expert designation requirements and was therefore a timely expert designation; (2) even if the July 2021 expert designation was insufficient, the trial was bifurcated to try attorney's fees separately, pushing back the discovery deadline, making her December 2021 disclosure timely; (3) State Farm was not

---

[6] The trial court first heard argument on State Farm's motion to strike on December 8, 2021—the first day of trial—during which the parties made nearly identical arguments.

unfairly surprised or prejudiced by the expert designation in December 2021; and (4) the trial court erred by excluding her attorney as a fact witness.

Here, there was no controlling docket control order, and no order extending discovery on attorney's fees. However, the initial trial took place on December 8, 2021, which made the discovery deadline August 10, 2021. *See* TEX. R. CIV. P. 190.3(b), 195.2(a). And the record shows Mazuca timely responded in July 2021 by identifying her attorney as a testifying expert on the subject matter of reasonableness and necessity of attorney's fees based on his review of documents in the case.

To the extent State Farm claims this disclosure is insufficient and thus, untimely, we have explained "[a] disclosure identifying an attorney's fees expert and stating that the expert will be testifying about the reasonableness and necessity of attorney's fees is sufficient to give the 'general substance.'" *DDR DB Stone Oak, LP*, 2017 WL 6032541, at \*6 (quoting *Kim v. Sanchez*, No. 02-12-00465-CV, 2014 WL 4364170, at \*4 (Tex. App.—Fort Worth Sept. 4, 2014, pet. denied) (mem. op.)). We have further explained this is true when, as in this case, "the responding party is seeking fees for representation during the entire litigation, which are not determinable at the time of disclosure." *Id.*; *Goldman v. Olmstead*, 414 S.W.3d 346, 365 (Tex. App.—Dallas 2013, pet. denied) (concluding record showing plaintiff, who "disclosed the identity of the attorneys who might testify about the respective party's attorney's fees incurred in this case and about the reasonableness and necessity of the fees," sufficiently complied with disclosure rules). In this case, the July 2021 disclosure sufficiently provided State Farm with not only the identity and address of the attorney who would be testifying, but also with the general substance of the attorney's anticipated testimony in accordance with Rule 195.5 based on the documents he had reviewed. *See* TEX. R. CIV. P. 195.5.

By concluding the July 2021 disclosure did not sufficiently comply with Rule 195.5 and was thus subject to the exclusion provided in Rule 193.6, the trial court misapplied the law, imposing an unnecessarily onerous interpretation of the discovery rules. *See Van Heerden v. Van Heerden*, 321 S.W.3d 869, 876 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (reasoning trial court's evidentiary ruling excluding evidence and appellee's characterization of rule's requirements imposed unnecessarily onerous requirements on appellant and disclosure responses were sufficient to satisfy requirements of discovery rule). It is well established the discovery rules were designed "to prevent trials by ambush and to ensure that fairness would prevail," and Colunga's expert designation in her July 2021 disclosures fulfilled these purposes by timely designating her attorney as a testifying expert and including all the required information pursuant to Rule 195.5. *Gutierrez v. Dall. Indep. Sch. Dist.*, 729 S.W.2d 691, 693 (Tex. 1987); *see Kim*, 2014 WL 4364170, at *4. Moreover, the record reflects Colunga pled for attorney's fees in her amended petition specifying she engaged Mazuca's services. *See Reynolds v. Nagely*, 262 S.W.3d 521, 531 (Tex. App.—Dallas 2008, pet. denied) (highlighting plaintiff pled for attorney's fees from inception of suit and designated counsel as person he intended to call in response to discovery requests, supporting a determination plaintiff sufficiently complied with discovery rules). We therefore hold the trial court abused its discretion by granting State Farm's motion to strike and exclude Colunga's claim for attorney's fees. We further hold the trial court's erroneous evidentiary ruling resulted in the rendition of an improper judgment as it resulted in the ultimate dismissal of Colunga's claim for attorney's fees. *See Sundance Energy*, 2019 WL 3819523, at *7.[7]

---

[7] In light of our holding, we need not reach Colunga's other issues challenging the trial court's ruling. *See* TEX. R. APP. P. 47.1.

**CONCLUSION**

Based on the foregoing, we reverse the trial court's February 28, 2022 order granting State Farm's motion to strike and exclude Colunga's claim for attorney's fees, and we remand the case to the trial court for a determination on attorney's fees.

Luz Elena D. Chapa, Justice