Sarah Marie MORROW, Petitioner,

v.

H.E.B., INC., Respondent.

No. C–5204.

Supreme Court of Texas.

July 16, 1986.

Rehearing Denied Sept. 17, 1986.

Paul Dodson and James H. Bjorum, Cox, Dodson & Bjorum, Corpus Christi, for petitioner.

William A. Abernathy, Sandra Sterba-Boatwright, Meredith, Donnell & Abernathy, Corpus Christi, for respondent.

ON REHEARING

PER CURIAM.

We grant the motion for rehearing, withdraw our judgment and opinion of June 11, 1986, and substitute the following.

Sarah Marie Morrow sued H.E.B. claiming that she slipped and fell due to H.E.B.'s negligence and that the store was negligent in its treatment toward her after she fell. The jury failed to find that H.E.B. was negligent in causing her fall but did find H.E.B. negligent in its later treatment of her.

Prior to trial, Morrow had sent H.E.B. interrogatories asking for the names and addresses of employees who had first come to Morrow's aid. H.E.B. answered naming Mr. Ken Murphy and giving the address as simply "Missouri." Three weeks prior to trial, H.E.B. discovered that Mr. Murphy was now living in San Antonio, Texas and contacted him by phone but did not supplement its answer to Morrow. Due to H.E.B.'s failure to supplement, the trial court excluded the testimony of Mr. Murphy. The court of appeals reversed holding the trial court had abused its discretion in not allowing Murphy to testify. 704 S.W.2d 93. We grant the application for writ of error and without hearing oral argument reverse the judgment of the court of appeals and remand the cause to the court of appeals pursuant to Tex.R.Civ.P. 483.

The trial court ruled correctly that Tex.R.Civ.P. 166b(5) placed a duty on H.E.B. to supplement its answer and inform Morrow that Murphy was now located in San Antonio. Under Tex.R.Civ.P. 215(5), failure to supplement results in the loss of the opportunity to offer the witness' testimony. The sanction is automatic. The

exception is when good cause is shown why the testimony should be allowed in spite of the discovery sanction. Determination of good cause is within the sound discretion of the trial court. That determination can only be set aside if that discretion was abused. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 (Tex. 1984).

■ To determine if there is an abuse of discretion, we must look to see if the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operations, Inc.*, 701 S.W.2d 238 (Tex. 1985), *cert. denied* —— U.S. ——, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). These guiding principles can be found in the rules and in *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d 243 (Tex. 1985). In *Yeldell* we stated that the party offering evidence has the burden of showing good cause to the trial court.

■ When the motion to exclude the testimony of Murphy was made, H.E.B. offered to allow Morrow to take Murphy's deposition prior to his testimony. In addition, H.E.B. argued that Morrow would not be surprised by the testimony of Murphy. The court of appeals in its opinion recites much of the evidence which shows there was no surprise. Lack of surprise would show there was in fact no good cause to exclude the testimony of Murphy, however, this is the inverse of the standard. The testimony was automatically excluded when H.E.B. failed to supplement its answer. It is incumbent upon the party offering the testimony to show good cause why it should be included. As no showing of good cause was made, the trial court did not abuse its discretion. *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc., supra.*

The judgment of the court of appeals is reversed and the cause is remanded to the court of appeals to consider those factual sufficiency points not reached, consistent with this opinion. *Montfort v. Jeter,* 567 S.W.2d 498, 500 (Tex. 1978).