**TRAILWAYS, INC. and Transportes Del Norte, Appellants,**

v.

**Anita CLARK, Individually and as Personal Representative of the Estate of Eulalia P. Mayorga, et al., Appellees.**

No. 13–87–227–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1988.

Rehearing Denied Aug. 31, 1988.

Appellee's Second Rehearing Dismissed Sept. 8, 1988.

Jeffrey W. Jones, Johnson & Davis, Harlingen, Reynaldo G. Garza, Jr., Garza & Garza, Brownsville, Thomas Black, San Antonio, Frank G. Delaney, Corpus Christi, for appellants.

Ann A. Skaro, Corpus Christi, Frank M. Staggs, Jr., Jamail & Kolius, Houston, Thomas H. Hight, Sr., Hight & Hight, Dallas, for appellees.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

This is a wrongful death case. Appellees, plaintiffs below, recovered over one million dollars in damages. Because the trial court abused its discretion is permit-

ting an undisclosed liability witness to testify, we must reverse and remand this case for a new trial.

The two decedents were residents of Corpus Christi who decided to take a trip to Mexico City. In October of 1979, they purchased round-trip bus tickets at the Trailways bus station in Corpus Christi and left in a Trailways bus to Brownsville. They were transferred to a bus owned and operated by Transportes del Norte (TDN) for the remainder of their journey. Both women were killed in Mexico when that bus left the roadway near a curve. Appellees, family members of the two women, filed suit in 1980, but the case was not tried until 1986.

Appellant TDN's first point of error asserts that the trial court erred in permitting a surprise witness to testify.

In 1981, the appellees filed their answers to TDN's interrogatories. The interrogatories included requests for the names and addresses of any investigating official and any witness to the event after its occurrence, as well as any reports or statements made by them. Appellees responded that they were unaware of any such persons. They supplemented these answers in 1986, about one week prior to trial, stating simply that these persons were listed in Exhibit 9 to one of the depositions on file, although this exhibit is not attached to the deposition for our review.

TDN's attorney filed a motion for sanctions, asserting that appellees' undisclosed witness should not be permitted to testify at trial since appellees did not supplement their answers at least thirty days prior to trial, as Tex.R.Civ.P. 166b(5) requires. The trial court held a hearing on the motion, which comprises less than four pages in the statement of facts, and overruled it. The trial court permitted the witness, who was the Mexican police investigator of the accident, to testify as an expert that he thought the accident occurred at least in part because the driver of TDN's bus was driving too fast.

Under Tex.R.Civ.P. 215(5), a party who fails to timely supplement his response to a discovery request when required to do so by Rule 166b(5) may not offer the undisclosed evidence at trial, unless the trial court finds good cause exists sufficient to require its admission. The sanction is automatic in the absence of a good cause showing by the party offering the evidence. *See generally E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987); *Gutierrez v. Dallas Independent School District*, 729 S.W.2d 691, 693 (Tex. 1987); *Morrow v. H.E.B.*, 714 S.W.2d 297, 297–98 (Tex.1986). Determination of good cause is within the sound discretion of the trial court. *Morrow*, 714 S.W.2d at 298.

The Supreme Court has made it abundantly clear that the courts will not tolerate even minor infractions of these rules. The purpose of discovery is to allow the parties "to obtain the fullest knowledge of issues and facts prior to trial." *Gutierrez*, 729 S.W.2d at 693. To permit attorneys to play games with the discovery rules would frustrate that purpose. *See generally Garcia v. Peeples*, 734 S.W.2d 343, 347 (Tex.1987). *See also Fina Oil & Chemical Co. v. Salinas*, 750 S.W.2d 32 (Tex.App.— Corpus Christi, 1988) (rehearing on May 19, 1988) (orig. proceeding).

Appellees failed in their duty to supplement their responses by not revealing the investigating officer's identity and other requested information before the thirty-day period prior to trial. Therefore, they had the burden to show good cause to permit him to testify.

At the hearing on the motion for sanctions, appellees' attorney presented no evidence from which the trial judge could have concluded that good cause existed to prevent the automatic imposition of the sanction and permit the officer to testify. In fact, their attorney was silent but for making one hearsay objection. The appellants' attorney raised the proper grounds for the sanction, but the trial court overruled the motion because "[i]f he [the officer] was the original DPS officer [sic], the investigator of this particular accident, I think that he sure would be a witness in this particular proceedings." As a matter of law, good cause was not shown. The trial court erred in permitting the testimony.

We next examine whether the error was harmful and therefore reversible under Tex.R.App.P. 81(b)(1).

■ The police officer's testimony was of crucial importance to appellee's case, since he was the only witness who testified to the bus drivers's purported negligence, thereby providing the only evidence of appellants' liability for the deaths. This evidence was crucial to the appellees' cause of action. We conclude the error was harmful. *See Gutierrez,* 729 S.W.2d at 693; *Walsh v. Mullane,* 725 S.W.2d 263, 264–65 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *cf. Farm Services, Inc. v. Gonzales,* 756 S.W.2d 747 (Tex.App.—Corpus Christi, 1988, no writ) (testimony of undisclosed witness was harmless error).

Appellees point out that the interrogatories did not seek the identity of witnesses to be called at trial, but only sought witnesses or investigating officials and their reports. They seem to argue that since appellants had a copy of the police officer's report long before trial, their failure to timely supplement the interrogatories was harmless error and caused appellants no surprise.

However, as the Supreme Court made clear in *Morrow,* arguing a lack of surprise misplaces the burden of proof. *Morrow,* 714 S.W.2d at 298. Moreover, appellants correctly point out that in the officer's report, prepared shortly after the accident, the officer did not mention speed as a factor contributing to the accident but blamed the cause on the bus's mechanical failure.

The fact remains that Rule 215(5)'s automatic sanctions were in effect and appellees did not defeat them with a showing of good cause. The trial court abused its discretion and committed reversible error in permitting appellees' undisclosed witness to testify without an express showing of good cause, and the error was harmful. We sustain TDN's first point of error. We do not reach the remaining appellate points as they are not controlling. Tex.R.App.P. 90.

We are aware that this Court has recently decided *Farm Services, Inc. v. Gonzalez,* 756 S.W.2d 747, in which we reached a different result with respect to a witness not named. However, as the opinion in that case was careful to point out, the testimony of the witness in that case was cumulative of other evidence. We held that permitting her to testify was error, but was harmless error for this reason. Such is not the case here.

Because the appellants' cases are intertwined, it is impossible to separate them on appeal, and we must reverse and remand for each.

The judgment of the trial court is REVERSED AND REMANDED for a new trial.