cv4-338.dd.barrs 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00338-CV







Ethyl Barrs, Individually and As Next Friend of Alisha C. Sword, Minor;


Robert Coleman, As Next Friend of Ashika Coleman, Minor;


and Willie Collins, Appellants



v.



R. C. Management, Inc.; National Corporation for Housing


Partnership; Pleasant Valley Apartments, Ltd.; and The National


Housing Partnership Company, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 488,313, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM



 In this appeal, we decide whether the trial court erred by allowing, over appellants'
objection, appellees to call a witness whom appellees had designated as a person with relevant
knowledge two days before trial. (1) Appellants raise this issue in challenging the trial court's take-nothing judgment against their claims that the appellees' negligence caused appellants' relative's
stabbing death. Appellants contend that the witness's testimony caused the jury to apportion to
the decedent a majority of the responsibility for her death. We will affirm the judgment.



BACKGROUND


Factual context

 Linda Coleman, the decedent, entered an abusive relationship with Maurice Sword
in 1986. In February 1988, a few months after giving birth to Alisha Sword, Ms. Coleman
sought a protective order against Mr. Sword. She changed the door locks and requested a transfer
to another apartment; her transfer request was denied.

 Ms. Coleman installed a window air conditioning unit. Adelaida Garza, the
apartment complex's resident manager, testified that Ms. Coleman did not install it properly and
failed to obtain a window lock for the unit.

 On September 17, 1988, after Ms. Coleman and her daughters were in bed, Mr.
Sword appeared in the apartment. How he entered was disputed; though the appellants theorized
that he entered through a window, he testified that he had a key and that Ms. Coleman invited him
in. Once in the apartment, he and Ms. Coleman argued. She ran out of the apartment. He
caught her in the parking lot and stabbed her repeatedly. Her daughter, Ashika, pounded on the
manager's door to no avail. Ms. Coleman died within hours. 



The late-designated witness

 The appellees' responses to the appellants' first set of interrogatories were due in
January 1991. Interrogatory No. 1 requested the identity of each person with knowledge of
relevant facts. The appellees did not designate Johnny Garza, the husband of the apartment
complex's resident manager during the killing. The appellants, however, listed Mr. Garza as a
person with knowledge of relevant facts and eventually scheduled his deposition.

 On January 18, 1994, the appellants amended their petition to allege a claim for
negligent failure to warn Ms. Coleman that Mr. Sword was seen in the complex on the day of the
killing. The appellants cancelled Mr. Garza's deposition because they could not find him. On
February 5, 1994, the Saturday preceding the Monday trial date, the appellees located Mr. Garza. 
They amended their answer to Interrogatory No. 1 by designating him as a person with knowledge
of relevant facts. 

 The appellees called Mr. Garza as a witness over the appellants' objection. Mr.
Garza testified that he told Ms. Coleman about Mr. Sword's reported presence in the complex and
that Ms. Coleman seemed relatively unconcerned. Mr. Garza also said he told her that the pipe
supporting her air conditioner had fallen.



The result

 The jury found that the negligence of Ms. Coleman and each appellee contributed
to the stabbing. The jury apportioned the negligence at sixty percent by Ms. Coleman, twenty-five percent by R.C. Management, Inc., and five percent by each of the remaining three
appellees. (2) The jury found no gross negligence by the appellees. The court accordingly entered
a take-nothing judgment against the appellants.

DISCUSSION


 By their sole point of error, the appellants contend that the trial court erred in
admitting, over their objection, Mr. Garza's testimony because he had not been identified as a
person with knowledge of relevant facts until less than two days before trial.

 The rules require parties to file full, correct discovery responses weeks before trial
to facilitate settlement and avoid trial by ambush. Alvarado v. Farah Mfg. Co., 830 S.W.2d 911,
914 (Tex. 1992). A party must supplement its discovery response thirty days or more before trial
when events have rendered its previous response untrue and substantively misleading. Tex. R.
Civ. P. 166b(6)(a). Failure to supplement bars presentation of the undisclosed evidence. Tex.
R. Civ. P. 215(5); Alvarado, 830 S.W.2d at 914. A court may allow supplementation less than
thirty days before trial if the amending party shows good cause in the record to allow or require
the supplementation. Tex. R. Civ. P. 166b(6), 215(5). Courts have required the offering party
to show good cause by documentary or testimonial proof, not merely argument of counsel. Lopez
v. Foremost Paving, Inc., 796 S.W.2d 473, 477 (Tex. App.--San Antonio 1990, writ dism'd by
agr.) We evaluate the trial court's decision for an abuse of discretion. Morrow v. H.E.B., Inc.,
714 S.W.2d 297, 298 (Tex. 1986). We can reverse only if the court acted without reference to
any guiding rules and principles. Id.

 The nature and timing of the appellants' third amended petition justified the trial
court's finding of good cause to allow the appellees' supplementation within thirty days of trial. 
The new claim made new facts relevant and expanded the group of people who knew relevant
facts. Preventing the appellees from designating a new potential witness in response to this new
allegation simply because of the passing of the thirty-day, pretrial supplementation deadline could
have caused the very trial by ambush that the rules attempt to avert. 

 The mere discovery of some evidence that the appellants might have a claim for
failure to warn did not require the appellees to amend their interrogatory response in anticipation
of a potential amendment of the petition. Pleadings define cases. No rule requires defendants to
designate possible witnesses for every conceivable, unpleaded complaint. The series of
increasingly specific petitions in the transcript documents that the third amended petition was the
first formal notice that the appellants would pursue a claim for failure to warn. Until appellants
pleaded the claim for failure to warn, Mr. Garza's knowledge of facts relevant to that claim was
irrelevant to the case. After the amendment, his unique knowledge became critical. We find no
abuse of discretion by the court in allowing the supplementation in response to the amendment
when both occurred within thirty days before trial.



CONCLUSION


 We overrule the point of error. We affirm the judgment.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: November 1, 1995

Do Not Publish
1.   The appellants include Ethyl Barrs and Willie Collins, the decedent's parents. Barrs also
sued as next friend of Alisha C. Sword, the daughter of the decedent and the killer. Robert
Coleman sued as next friend of Ashika Coleman, his daughter with the decedent. 

  The appellees include the nested partnerships National Corporation for Housing
Partnerships, National Housing Partnership Company, Pleasant Valley Apartments, Ltd.;
NCHP was the general partner of NHPC, which was the general partner of Pleasant Valley. 
R.C. Management, Inc. managed the property.
2. The jury did not have the option of apportioning blame to the killer because he was not
among the choices in the jury question. The court earlier had rendered a default judgment
against him on the appellees' third-party claim against him.



A> The jury found no gross negligence by the appellees. The court accordingly entered
a take-nothing judgment against the appellants.

DISCUSSION


 By their sole point of error, the appellants contend that the trial court erred in
admitting, over their objection, Mr. Garza's testimony because he had not been identified as a
person with knowledge of relevant facts until less than two days before trial.

 The rules require parties to file full, correct discovery responses weeks before trial
to facilitate settlement and avoid trial by ambush. Alvarado v. Farah Mfg. Co., 830 S.W.2d 911,
914 (Tex. 1992). A party must supplement its discovery response thirty days or more before trial
when events have rendered its previous response untrue and substantively misleading. Tex. R.
Civ. P. 166b(6)(a). Failure to supplement bars presentation of the undisclosed evidence. Tex.
R. Civ. P. 215(5); Alvarado, 830 S.W.2d at 914. A court may allow supplementation less than
thirty days before trial if the amending party shows good cause in the record to allow or require
the supplementation. Tex. R. Civ. P. 166b(6), 215(5). Courts have required the offering party
to show good cause by documentary or testimonial proof, not merely argument of counsel. Lopez
v. Foremost Paving, Inc., 796 S.W.2d 473, 477 (Tex. App.--San Antonio 1990, writ dism'd by
agr.) We evaluate the trial court's decision for an abuse of discretion. Morrow v. H.E.B., Inc.,
714 S.W.2d 297, 298 (Tex. 1986). We can reverse only if the court acted without reference to
any guiding rules and principles. Id.

 The nature and timing of the appellants' third amended petition justified the trial
court's finding of good cause to allow the appellees' supplementation within thirty days of trial. 
The new claim made new facts relevant and expanded the group of people who knew relevant
facts. Preventing the appellees from designating a new potential witness in response to this new
allegation simply because of the passing of the thirty-day, pretrial supplementation deadline could
have caused the very trial by ambush that the rules attempt to avert. 

 The mere discovery of some evidence that the appellants might have a claim for
failure to warn did not require the appellees to amend their interrogatory response in anticipation
of a potential amendment of the petition. Pleadings define cases. No rule requires defendants to
designate possible witnesses for every conceivable, unpleaded complaint. The series of
increasingly specific petitions in the transcript documents that the third amended petition was the
first formal notice that the appellants would pursue a claim for failure to warn. Until appellants
pleaded the claim for failure to warn, Mr. Garza's knowledge of facts relevant to that claim was
irrelevant to the case. After the amendment, his unique knowledge became critical. We find no
abuse of discretion by the court in allowing the supplementation in response to the amendment
when both occurred within thirty days before trial.



CONCLUSION


 We ove