NUMBER
13-01-472-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

TRI-FLO INTERNATIONAL, INC.,                                             Appellant,

 

                                                   v.

 

BRIAN
JACKSON D/B/A BRICO PUMP COMPANY,                     Appellee.

 

                        On appeal from the
410th District Court   

                              of Montgomery
County, Texas.

 

                                   O P I N I O N

 

                     Before Justices Dorsey, Hinojosa and Wittig[1]

                                   Opinion
by Justice Wittig

 








In a single
issue, Tri-Flo International, Inc., complains of a pre-trial discovery ruling
by the trial court.  The trial judge
granted two motions for leave to supplement discovery requests, one the eve of
trial and another a week before.  We
affirm.

I

January 26,
2001, was the ordered discovery cut off date. 
On February 20, 2001, appellee, Brian Jackson, d/b/a Brico Pump Company,
was granted his first leave to file supplemental responses to discovery.  These supplementations were in response to
Tri-Flo=s request for
discovery under Rule 194.  See Tex. R. Civ. P. 194.  Prior to trial on February 26, 2001, appellee
presented another motion to supplement. 
Both motions were granted after lengthy hearings and considerable
inquiry by the trial judge.

The claim by
appellee was essentially one for accounting in order to determine the amount,
if any, due from Tri-Flo to Jackson.  The
sued-upon oral agreement provided for a division of profits between the
parties.  The amount of profits due were
to be derived after deducting net costs by Tri-Flo.  On December 12, 2000, Tri-Flo was ordered to
furnish an accounting to include such data. 
Tri-Flo produced an interim accounting but arguably continued to be out
of compliance with the court=s prior
order.  Additional responsive
documentation was produced by Tri-Flo as late as February 7, 2001.  In all, Tri-Flo produced at least three
different accountings, spanning pre-litigation through less than two weeks
before trial.  After Tri-Flo=s last
accounting, Jackson supplemented his response within two weeks of receiving
this new evidence.  In both instances
when the trial court allowed supplementation, it also allowed Tri-Flo further
discovery by way of depositions. 
Additionally, the trial court allowed Tri-Flo to amend its pleadings on
the day of trial.[2]








   II

 As best we read Tri-Flo=s argument, it
claims Jackson was allowed to introduce a new method of calculating damages and
amount of damages.  In support of its
argument, Tri-Flo cites Morrow v H.E.B., Inc., 714 S.W.2d 297, 298 (Tex.
1986).  Morrow holds that to
determine if there is an abuse of discretion, we must look to see if the court
acted without reference to any guiding rules and principles.  Id. (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238 (Tex. 1985)).  AThese guiding
principles can be found in the rules and in Yeldell v. Holiday Hills
Retirement & Nursing Ctr., Inc., 701 S.W.2d 243 (Tex. 1985).@  Morrow, 714 S.W.2d at 298.  Yeldell in turn states that the party
offering evidence has the burden of showing good cause to the trial court.  Yeldell, 701 S.W.2d at 246-47.  We agree. 
Tri-Flo also cites Melendez v. Exxon Corp., 998 S.W.2d 266,
275-76 (Tex. App.BHouston [14th
Dist.] 1999, no pet.).  In that case,
Melendez filed his discovery response naming a witness less than thirty days
before trial and thus, could avoid exclusion of the evidence only if he
established good cause for the delay. 
Id. at 276.[3]   Like Jackson, Melendez=s counsel also
argued the late discovery was due to late documentation and evidence by
Exxon.  Id.  However, Melendez=s counsel also
admitted awareness of the potential witness in March but did not explain the
delay until June to supplement the discovery response.  Id. 
Thus, Melendez did not establish good cause to allow the late
supplementation of the discovery response listing the witness. Id.    








Jackson
responds that the trial court did not abuse its discretion because there was
both good cause and no surprise.  Tex. R. Civ. P. 193.6(a).  Tri-Flo=s documents
were the only substantiating exhibits admitted in evidence, save a damage
summary.  Jackson testified that prior to
February 7, 2001, he only had an interim accounting.  Jackson only received items of past claims,
time sheets, spread sheets and information about retainage in February.  While his counsel, Dwayne Corley probably
received Tri-Flo=s late filing
some thirteen days before trial, Jackson himself was out of the country.  Corley told the judge it was not until the
Friday before trial that he and Jackson were able to confer and supplement the
damage calculation.  The leave for late
supplementation was then immediately filed. 
The trial court then allowed a late deposition of Jackson before trial.

III

A party who
fails to respond to or timely supplement his response to a discovery request
shall not be entitled to offer testimony of a witness having knowledge of a
discoverable matter (except a named party), or introduce the material or
information not timely disclosed, unless the trial court finds good cause
sufficient to require admission, or determines the other party will not be
unfairly surprised or prejudiced.  Tex. R. Civ. P. 193.6(a).  The burden to establish good cause or lack of
surprise is on the party offering the witness. 
Tex. R. Civ. P. 193.6(b).  The trial court has discretion to determine
whether the offering party met this burden. 
Alvarado v. Farah Mfg. Co., Inc., 830 S.W.2d 911, 914 (Tex.
1992).  Even if the offering party does
not carry this burden, the trial court may grant a continuance or temporarily
postpone the trial to allow a response and to allow opposing parties to conduct
discovery regarding any new information. 
Tex. R. Civ. P. 193.6(c); Snider
v. Stanley, 44 S.W.3d 713, 718 (Tex. App.BBeaumont 2001, pet. denied).








Rule 193.6  provides three alternatives  to the prior draconian sanctions of automatic
exclusion for lack of "good cause." 
The requirements now include the additional choices of showing a (1)
lack of unfair surprise or (2) unfair prejudice in addition to the alternative
of showing  a (3) lack of "good
cause."  See Tex. R. Civ. P. 193.6.  Thus, the burden of a party who is seeking to
introduce a witness, is reduced.  See
Elliott v. Elliott, 21 S.W.3d 913, 922 n7 (Tex. App.BFort Worth
2000, pet. denied).  Under the
circumstances presented, we find the trial court did not abuse its discretion
in allowing Jackson to testify fully about his damages.  In his response to discovery and motion for
accounting, Jackson outlined a method of determining damages, gross margins
less costs.  While he did not furnish a
specific amount of damages until shortly before trial, the lack of complete
data to calculate his damages was not alleviated until thirteen days before
trial.  Rule 193.5(b) now provides that
an amended or supplemental response must be made reasonably promptly after the
party discovers the necessity for such a response.  Tex.
R. Civ. P. 193.5(b).   This was
done.  The trial court delayed the trial,
allowing both discovery by deposition and Tri-Flo to amend its pleadings.  Tex.
R. Civ. P. 193.6(c).  Tri-Flo
sought no further relief for itself other than the pleadings amendment and
filed no motion for continuance, thus waiving any other such relief.  Henderson v. Wellmann, 43 S.W.3d 591, 598
(Tex. App.BHouston [1st
Dist.] 2001, no pet.).  We hold the trial
court did not abuse its discretion in allowing the late supplementation.  Morrow, 714 S.W.2d at 298. 

The judgment of
the trial court is affirmed.

 

Don  Wittig

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed

this 24th day
of October, 2002.











[1]
Retired Justice Don Wittig assigned to this Court by the Chief Justice of the
Supreme Court of Texas Pursuant to Tex.
Gov=t Code Ann. '
74.003 (Vernon 1988).





[2]  The trial court disallowed one late
affirmative defense under the statute of frauds.  No complaint is brought forward on this
issue.  Accordingly, we assume without
deciding, this ruling was correct. 
Appellee was allowed to amend his general denial with other affirmative
defenses.





[3]  This holding is based upon former rule of
civil procedure 166b(6).  See Tex. R. Civ. P. 166b(6),
977-978 S.W.2d (Tex. Cases) xxxiii (1984, repealed
1998).