MEMORANDUM OPINION




No. 04-02-00873-CV



Kathleen P. JACKSON,


Appellant



v.



Gerald MAUL,


Appellee



From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CI-16115


Honorable Phylis J. Speedlin, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: October 8, 2003


AFFIRMED

 Kathleen P. Jackson appeals the trial court's take nothing judgment in her negligence suit against
Gerald Maul. Jackson contends the trial court abused its discretion by precluding her from presenting
evidence of Maul's negligence because she failed to set forth the legal theories and factual 

bases of her claim in response to Maul's request for disclosure pursuant to Rule 194.2(c),Tex. R. Civ. P.,
and then granting a directed verdict against her. We disagree and affirm the trial court's judgment.

 In Request for Disclosure No. 3, Maul asked Jackson to "[s]tate the legal theories and, in general,
the factual bases for your claims or defenses." Jackson responded: "Pain from injuries, past, present &
future loss or earnings." On the day of trial, after both parties had announced "ready," the trial court asked
whether there were any pretrial motions that needed to be heard. Maul's attorney answered as follows:

 Yes, Your Honor. Defendant has one issue that we need to go into that's probably
partially touched on in the motion in limine that doesn't need to be on the record, but in
response to [Maul's request for] disclosure, [Jackson] was sent those back last year and
she responded in January of this year, Judge.


 There's a contention disclosure that's 194.2(c) where it says state legal theories
and, in general, the factual bases of your claims. All that the plaintiff handwrote in that was
provided to me through counsel - original counsel, Jeff Eckols, pain for injuries past and
future, loss of earnings. It doesn't list any contentions as to negligence committed by or on
behalf of Gerald Maul.


 Under the rules of discovery, I think that they would be prohibited from putting on
evidence of negligence in this case. This was a Level 2 [discovery plan case] and I have
had that wagged in front of me in a motion to strike my amended pleading. There is no
proper disclosure in this case. We would ask that there be no evidence of negligence
against my client. And if that be the case, then the case is over.


After a discussion off the record, the trial court granted Maul's request, thus precluding Jackson from
presenting evidence that Maul was negligent. Maul then moved for a directed verdict, which the trial court
granted. So far as the record reflects, Jackson's attorney did not object to the form of Maul's request to
exclude evidence, attempt to demonstrate that Jackson had supplemented her original response to Request
No. 3 or otherwise made the requested information known to Maul in writing, attempt to demonstrate good
cause for failing to have done so, or attempt to demonstrate that Maul would not be unfairly surprised or
unfairly prejudiced if the trial court permitted her to introduce evidence that Maul was negligent despite her
failure to supplement her discovery responses. Even if Jackson did attempt to make such a showing, the
record does not reflect a ruling by the trial court.

 Jackson argues the trial court imposed a "death penalty sanction" without adhering to the strictures
set forth in TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991, orig.
proceeding). We disagree. The trial court's action was in complete accord with Rule 193.6, Tex. R. Civ.
P., which provides in relevant part:

 A party who fails to make, amend, or supplement a discovery response in a timely manner
may not introduce in evidence the material or information that was not timely disclosed, or
offer the testimony of a witness (other than a named party) who was not timely identified,
unless the court finds that:


 (1) there was good cause for the failure to timely make, amend, or supplement the
discovery response; or


 (2) the failure to timely make, amend, or supplement the discovery response will not
unfairly surprise or unfairly prejudice the other parties.


Tex. R. Civ. P. 193.6. "[F]ailure to supplement results in the loss of the opportunity to offer the witness'
testimony. The sanction is automatic. The exception is when good cause is shown why the testimony should
be allowed in spite of the discovery sanction. Determination of good cause is within the sound discretion
of the trial court. That determination can only be set aside if that discretion was abused." Morrow v.
H.E.B., Inc. , 714 S.W.2d 297, 297-98 (Tex. 1986) (interpreting Rule 215, Tex. R. Civ. P.). Jackson
argues that Morrow and similar cases interpreting Rule 215 do not apply to Rule 193.6. We disagree. The
holding in these cases survives the adoption of the new discovery rules and is in fact codified in Rule 193.6.
See Beard Family P'ship v. Commercial Indem. Ins. Co., No. 03-00-00443-CV, 2003 WL 22024249
(Tex. App.-Austin Aug. 29, 2003, no pet. h.). Because Jackson did not even attempt to demonstrate good
cause or the absence of unfair prejudice or surprise in the trial court, the record does not reflect an abuse
of discretion. The trial court's judgment is affirmed.


 Sarah B. Duncan, Justice