NUMBER 13-03-00721-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

                       IN
THE INTEREST OF F.A.A., A MINOR CHILD.

 

On appeal from the 92nd District Court of Hidalgo
County, Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, the biological father of F.A.A.,
a minor child, appeals from the trial court=s order terminating his parental
relationship with F.A.A.  In two issues,
appellant contends (1) he was denied effective assistance of counsel and (2)
the trial court erred in excluding the testimony of Maria Rodriguez.  We affirm.

As this is a memorandum opinion and the
parties are familiar with the facts, we will not recite them here except as
necessary to advise the parties of our decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.








A.  Motion to Dismiss

On March 3, 2004, appellee, Texas Department
of Protective and Regulatory Services (ATDPRS@), filed a motion to dismiss this appeal for
want of jurisdiction because appellant did not perfect his appeal within twenty
days from the date the judgment was signed. 
See Tex. R. App. P. 26.1(b).  The order terminating appellant=s parental rights was signed on September 9,
2003, and made final by the signing of a severance order on September 21,
2003.  Therefore, the deadline for filing
the notice of appeal was October 11, 2003.[1]  

On September 30, 2003, appellant=s trial counsel, Romeo Perez and Michael R.
Salinas, filed a Motion for Withdrawal/Substitution of Counsel, which provided,
in pertinent part, as follows:

Romeo Perez and Michael R. Salinas are
currently [appellant=s] attorneys.  The attorneys tried the above case to
judgment.  [Appellant] has informed
the attorneys that he wants to appeal the case.  Neither of the attorneys work on appeals.  In the interest of justice, the undersigned
attorneys request that the court enter an order allowing them to withdraw from
the case and that the court appoint an attorney experienced in appeals to work
on the appeal. 

 








(emphasis added.)  The trial court
signed an order on November 10, 2003, allowing trial counsel to withdraw, and
appointing appellate counsel.  On
December 3, 2003, counsel appointed to represent appellant on appeal in the
order dated November 10, 2003, filed a motion to withdraw and substitute, and
an order granting appointed counsel=s request to withdraw and substituting
present appellate counsel was signed on December 5, 2003.  On the same date, present appellate counsel
filed a notice of appeal, and on December 9, 2003, he filed ARespondent=s First Amended Notice of Appeal.@

An appeal is perfected when a written notice
of appeal is filed with the trial court clerk. 
Tex. R. App. P.
25.1(a).  An appellate court has
jurisdiction over an appeal when the appellant files any instrument that is a Abona fide@ attempt to invoke appellate jurisdiction.  Grand Prairie ISD v. Southern Parts Imps.,
Inc., 813 S.W.2d 499, 500 (Tex. 1991). 
Under rule 25.1(f), an amended notice of appeal correcting a defect or
omission in an earlier filed notice may be filed at any time before appellant=s brief is filed.  Tex.
R. App. P. 25.1(f). 

We construe the language contained in trial
counsel=s motion to withdraw as a Abona fide@ attempt to invoke appellate
jurisdiction.  Although this notice of
appeal was deficient, see Tex. R.
App. P. 25.1(d), appellant corrected these deficiencies before the
filing of his brief.  See Tex. R. App. P. 25.1(f).  Considering the delay in the appointment of
appellate counsel, we conclude the defects were corrected within a reasonable
time.  See Tex. R. App. P. 44.3 (court of appeals must not dismiss
appeal for formal defects in appellate procedure without allowing reasonable
time to correct or amend defects).  TDPRS=s motion to dismiss this appeal for want of
jurisdiction is denied.

B.  Ineffective Assistance of Counsel

In his first issue, appellant contends his
trial counsel was ineffective because counsel (1) failed to object to the
admission of evidence related to his murder conviction, (2) failed to object to
the admission of hearsay testimony of Jorge Gonzalez, and (3) failed to make of
an offer of proof in question and answer form. 









The statutory right to counsel in parental‑rights
termination cases embodies the same right to effective assistance of counsel as
is applied in criminal cases.  In re
M.S., 115 S.W.3d 534, 544‑45 (Tex. 2003).  Under that standard, to establish ineffective
assistance, an appellant must show that (1) counsel's performance was
deficient, i.e., it fell below an objective standard of reasonableness, and (2)
the appellant was prejudiced in that there is a reasonable probability that but
for counsel's errors, the result of the proceeding would have been
different.  Strickland v. Washington,
466 U.S. 668, 687 (1984).  A court must
indulge, and a defendant must overcome, a strong presumption that the
challenged action might be considered sound trial strategy under the
circumstances.  Id. at 689.  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  An appellate court looks to the totality of
the representation and the particular circumstances of each case in evaluating
the effectiveness of counsel.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  If counsel's reasons for his conduct do not
appear in the record and there is at least the possibility that the conduct
could have been legitimate trial strategy, we will defer to counsel's decisions
and deny relief on an ineffective assistance claim on direct appeal.  Id. at 813-14.

Counsel's reasons for failing to object and
present an offer of proof in question and answer form do not appear in
record.  It is possible for counsel to
have legitimate reasons for his conduct. 
See Taylor v.
Tex. Dep't of Protective & Regulatory Servs, 160 S.W.3d 641, 653 (Tex.
App.BAustin 2005, pet. filed) (inadmissibility
of convictions pending appeal applies only to convictions offered for purposes
of impeachment); see also Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim.
App.  1998) (offer of proof may be in
form of concise statement by counsel). 
Accordingly, appellant=s first issue is overruled. 








C.  Exclusion of Evidence

In his second issue, appellant contends the
trial court erred in excluding the testimony of Maria Rodriguez.  We review questions regarding the admission
or exclusion of evidence under an abuse of discretion standard.  Owens‑Corning Fiberglass Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998). 
We must uphold a trial court's evidentiary ruling if there is any
legitimate basis in the record to support it. 
Id.

Under Texas Rule of Civil Procedure 193.6,
if a party fails to make a discovery response in a timely manner, that party
may not introduce in evidence the information that was not disclosed or offer
the testimony of a witness who was not properly identified.  Tex.
R. Civ. P. 193.6.  The sanction is
automatic.  See Gee v. Liberty Mut.
Fire Ins. Co., 765 S.W.2d 394, 395 (Tex. 1989).  There is an exception when the party seeking
to introduce the evidence shows good cause for the failure to timely respond
and the failure to timely respond will not unfairly surprise or prejudice the
other party.  Tex. R. Civ. P. 193.6. Determination of good cause is within
the sound discretion of the trial court. 
Morrow v. H.E.B., Inc., 714 S.W.2d 297, 297‑98 (Tex. 1986).








The record shows that appellant attempted to
call Maria Rodriguez as a witness, but TDPRS objected because appellant had not
disclosed Rodriguez as a witness. 
Appellant admitted that (1) Rodriguez was not on the witness list and (2)
he previously knew about her.  Appellant
argued good cause because he did not know Rodriguez=s name or whereabouts until the day before
he called her as a witness.  The record
shows that despite his acquisition of the witness=s name and whereabouts the day before he
called her to testify, appellant failed to inform opposing counsel.  TDPRS=s counsel had no knowledge of this witness
until appellant called her name at 1:35 p.m. 
Under these facts, we cannot conclude that the trial court abused its
discretion in excluding this witness. 
Appellant=s second issue is overruled.

The trial court=s order terminating appellant=s parental rights is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
4th day of August, 2005.











[1] An appeal from a final
judgment terminating the parent-child relationship is accelerated, and the
procedures for an accelerated appeal apply. 
See Tex. Fam. Code Ann. '
109.002 (Vernon
2002); Tex. R. App. P. 26.1(b).