**Affirmed and Opinion Filed May 25, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00806-CV**

**MARIAMA MANSARAY, Appellant**
**V.**
**MARY PHILLIPS, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-16263**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Molberg

Appellant Mariama Mansaray appeals the trial court's denial, by operation of law, of her motion to extend post-judgment deadlines and verified motion to reinstate her case after it was dismissed for want of prosecution. Before the motion was denied by operation of law, the trial court concluded it had lost plenary power to rule on the motion because appellant had already filed a notice of appeal. While we disagree with that conclusion, because we cannot conclude the trial court abused its discretion in failing to grant appellant's motion to reinstate, we affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

On October 26, 2018, appellant filed suit alleging negligence against appellee Mary Phillips arising from an October 26, 2016 automobile accident. In January 2019, appellant sought an order allowing substituted service on Phillips. The trial court granted the request and issued an order allowing and giving instructions for substituted service on Phillips.

On March 11, 2019, the trial court issued an order setting the case for a status conference and dismissal hearing on April 5, 2019. The order stated that "[f]ailure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rule[] of Civil Procedure 165a and the Court's inherent power."

On April 5, 2019, the trial court entered an order of dismissal for want of prosecution. The order stated that appellant failed to appear at that day's status conference and failed to take certain actions as specified by the court. The order dismissed appellant's lawsuit without prejudice under Texas Rule of Civil Procedure 165a and the trial court's inherent power.

On July 5, 2019, appellant's counsel filed two documents: a notice of appeal appealing the April 5, 2019 order of dismissal and a combined motion to extend post-judgment deadlines and verified motion to reinstate.[1] Attached to the motion

---

[1] Although unimportant for purposes of this appeal, we note that appellant's counsel maintains that she filed these documents on July 4, 2019. The clerk's record includes a time stamp of July 5, 2019, at 12:00 a.m. for both.

were various items, including unsworn declarations by appellant and her counsel stating that each had not received actual notice of the April 5, 2019 order of dismissal until July 3, 2019—eighty-nine days after the order was signed. On the same day the motion was filed, appellant filed a separate certificate of conference which stated, "No Answer has been filed by or on behalf of Defendant Mary Phillips, and therefore, the Motion is being presented to the Court for determination." Neither the motion nor the separately filed certificate of conference included a certificate of service stating that the motion was served on Phillips at the address listed in the papers on file.

On August 1, 2019, the trial court issued an order regarding the motion to reinstate. Among other statements, the court concluded that "due to the filing of the Notice of Appeal before the Court's consideration and/or granting of the extending of appellate deadlines, the Court . . . has lost plenary power to either specifically grant or deny the motion to reinstate." According to applicable rules, the motion was later deemed overruled by operation of law.[2]

On August 8, 2019, we issued a letter expressing a concern regarding this Court's jurisdiction and requesting briefing regarding that issue. Appellant's counsel provided briefing in response to that request, and on November 6, 2019, we issued another letter stating, in part:

---

[2] The motion was deemed overruled by operation of law on September 16, 2019, seventy-five days after appellant and her counsel received actual notice of the order of dismissal. *See* TEX. R. CIV. P. 165a(3), 306a(4).

The Court has reviewed appellant's letter brief filed at the Court's request. At this stage of the appeal, it appears this Court has jurisdiction over this appeal. However, the Court instructs appellant to address in her brief on the merits the propriety of the trial court's August 1, 2019 order denying her 306a motion.[3]

Appellant filed her brief on the merits on December 6, 2019. Soon thereafter, we informed appellant of various deficiencies in her brief and allowed her ten days to file an amended brief. We warned that her failure to do so within that time frame may result in dismissal of the appeal without further notice from the Court. She did not file an amended brief either within or after the time frame provided.

On March 2, 2020, we entered an order stating that the cause would be submitted on appellant's December 6, 2019 brief. The order also stated that Phillips' brief on the merits was to be filed within thirty days from the date of the order. Phillips did not file a brief and has not made an appearance in the case.

The case was submitted to us without oral argument on February 9, 2021.

## ANALYSIS

*Standard of Review and Applicable Legal Standards*

Appellant's sole complaint on appeal is, in essence, that the trial court erred in refusing to grant her motion to reinstate after the court dismissed her lawsuit for

---

[3] In light of our prior letter to counsel, we assume, but do not decide, we have jurisdiction over this matter. However, we note that at least one of our sister courts has concluded, on certain similar facts, that the court of appeals lacked jurisdiction. *See Allstate Ins. Co. v. Barnet*, 589 S.W.3d 313, 319–20 (Tex. App.—El Paso 2019, no pet.) (concluding that motion to reinstate did not satisfy rule 165a(3)'s requirements when it lacked a certificate of service on party at address shown on the docket or in the papers on file and that as a result, it was a nullity that did not operate to extend the timetable for filing a notice of appeal and that the court lacked jurisdiction under the circumstances in that case).

–4–

want of prosecution.[4]  Like a review of a dismissal for want of prosecution, we review a denial of a motion to reinstate under an abuse of discretion standard. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam); *see Gomez v. Ly*, No. 05-14-00893-CV, 2015 WL 6121751, at *2 (Tex. App.—Dallas Oct. 19, 2015, no pet.) (mem. op.).  To determine whether there is an abuse of discretion, we must determine whether the trial court acted without reference to any guiding rules and principles.  *Franklin*, 53 S.W.3d at 401–02 (citing *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986)).

Under rule 165a, a court may dismiss a case after notice and a hearing for want of prosecution for two reasons:  failure to appear, or failure to comply with the Texas Supreme Court's time standards.  TEX. R. CIV. P. 165a; *Gomez*, 2015 WL 6121751, at *2 (citations omitted).  In addition to the court's power to dismiss under rule 165a, the common law also "'vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.'" *Gomez*, 2015 WL 6121751, at *2 (quoting *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)).

After a court dismisses a lawsuit for want of prosecution for failure to appear under rule 165a(1), an appellant may file a motion to reinstate under rule 165a(3).

---

[4] In her brief, appellant presents only a single issue, which states, "Did the Trial Court err in denying Appellant's Motion to Extend Post[-]judgment Deadlines[?]"  That motion and her motion to reinstate were included in a single, combined filing in the trial court.  In her brief, appellant argues the trial court should have reinstated her case under rule 165a(3).

*See* TEX. R. CIV. P. 165a(1), (3). Under rule 165a(3), a trial court "'shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.'" *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam) (quoting TEX. R. CIV. P. 165a(3)). This standard is essentially the same as that for setting aside a default judgment. *Id*. (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (1939)). Conscious indifference means more than mere negligence, *id.* (citation omitted), and a failure to appear is not intentional or due to conscious indifference for rule 165a purposes simply because it is deliberate; instead, it must be without adequate justification. *Id*. Proof of such justification, such as accident, mistake, or other reasonable explanation, negates the intent or conscious indifference for which reinstatement can be denied. *Id.* (citing *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)).

*Trial Court's Plenary Power to Rule*

Before applying these standards in this case, we first address the question of whether the trial court had plenary power to rule on appellant's motion to reinstate when, by the time the court considered it, appellant had already filed a notice of appeal. The trial court concluded it did not, stating in its August 1, 2019 order that, "due to the filing of the Notice of Appeal before the Court's consideration and/or

–6–

granting of the extending of appellate deadlines, the Court . . . has lost plenary power to either specifically grant or deny the motion to reinstate."

We have previously acknowledged the general proposition that perfection of an appeal terminates the trial court's jurisdiction and transfers jurisdiction to the court of appeals. *See Hill v. Hill*, 460 S.W.3d 751, 766 (Tex. App.—Dallas 2015, pet. denied).[5] However, that proposition is not absolute, as we demonstrated in *Hill* when we concluded that authorities cited for that general proposition were not controlling in that case, which involved receivership. *See id.* ("Because of the unique nature of receiverships . . . and the established jurisdiction of a trial court to appoint a receiver even while the main case is on appeal . . . we do not consider these decisions controlling on this issue.")

Although this case does not involve a receivership, the general proposition and cited authorities are not controlling here either, but for different reasons. Specifically, rule 165a(3) plainly states that the trial court continued to have plenary

---

[5] We stated:

> [Appellant] cites cases for the general proposition that perfection of an appeal terminates the trial court's jurisdiction and transfers jurisdiction to the court of appeals. *See Panhandle Constr. Co. v. Lindsey*, 123 Tex. 613, 72 S.W.2d 1068, 1072 (1934) (perfection of appeal, as a general rule, terminates authority of lower court); *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (orders issued outside a trial court's plenary power are typically void because the court no longer has jurisdiction to act); *In re Brattain*, No. 05-00-00175-CV, 2001 WL 8853, at *1 (Tex. App.—Dallas Jan. 4, 2001, no pet.) (not designated for publication); *Stein v. Frank*, 575 S.W.2d 399, 400 (Tex. Civ. App.—Dallas 1978, no writ) (trial court lost jurisdiction to deny contest to affidavit of inability to give appeal bond when appeal was perfected by posting of appeal bond). We do not disagree with this authority.

*See Hill*, 460 S.W.3d at 766.

power to decide the motion to reinstate for a total of up to 105 days after the beginning of the period set forth in rule 306a(4).

Rule 165a(3) states, in part:

A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. *If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.*

*See* TEX. R. CIV. P. 165a(3) (emphasis added).

Here, appellant's motion to reinstate was timely filed on July 5, 2019, two days after the period for doing so began, based on the record before us. *See* TEX. R. CIV. P. 306a(4).[6] Thus, under rule 165, regardless of appellant's contemporaneous

---

[6] Rule 306a(4) states, "If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of

filing of a notice of appeal, the trial court had plenary power to reinstate the case until October 16, 2019, thirty days after the motion was overruled by operation of law.  *See* TEX. R. CIV. P. 165a(3).

*Did the Trial Court Abuse its Discretion?*

We turn, then, to the merits of the question before us—that is, whether the trial court erred in failing to grant her motion to reinstate under rule 165a(3).  Based on our review of the record, we cannot conclude an abuse of discretion occurred because appellant's motion does not comply with rule 165a(3)'s requirements in at least two respects.

First, there is no indication that the motion was served on Phillips in compliance with rule 165a(3).  *See* TEX. R. CIV. P. 165a(3) (stating copy of the motion "shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file").  Although Phillips has made no appearance, her address is shown in several of the papers on file in the record before us, including appellant's motion and amended motion for substituted service, the court's order for substituted service, and the officer's return included within appellant's motion to reinstate.

this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed."  Based on the record here, appellant's date for filing a motion to reinstate began on July 3, 2019, the date she and her attorney received actual notice of the April 5, 2019 order of dismissal.

Second, although appellant's motion included proof reasonably explaining its timing under rule 306a(4), appellant's motion does not show that the failure of appellant or her attorney to appear at the April 5, 2019 status conference hearing was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure was otherwise reasonably explained. *See* TEX. R. CIV. P. 165a(3); *Smith*, 913 S.W.2d at 468.

We cannot conclude under these circumstances that the trial court abused its discretion in failing to grant appellant's motion to reinstate.

CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

/Ken Molberg/

190806f.p05

KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARIAMA MANSARAY,
Appellant

No. 05-19-00806-CV     V.

MARY PHILLIPS, Appellee

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-16263.
Opinion delivered by Justice
Molberg. Justices Reichek and
Nowell participating.

In accordance with this Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 25th day of May 2021.