The **SOUTHLAND CORPORATION**, Appellant,

v.

**Patsy E. BURNETT**, Appellee.

No. 08–89–00199–CV.

Court of Appeals of Texas, El Paso.

May 23, 1990.

---

Scott A. Agthe, Scott, Hulse, Marshall, Feuille, Finger & Thurmond and Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

James T. Allen and Victor R. Arditti, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a wrongful discharge case in which a jury awarded the Plaintiff/Appellee, Patsy E. Burnett, $7,980.00 in lost wages, $2,184.00 for lost insurance benefits, $75,000.00 in past mental anguish and $250,000.00 in exemplary damages. We reverse and remand.

Following the unfavorable verdict and judgment, The Southland Corporation ("Southland") perfected this appeal, bringing fourteen points of error. Points of Error Nos. One through Eight challenge the legal and factual sufficiency of the evidence as it relates to the jury's verdict. In Points of Error Nos. Nine through Twelve, Southland complains of procedural errors, and in the final two points, it claims the court erred in its submission of instructions in connection with the exemplary damages question and the causation between the compensation claim and the employee's discharge.

We turn first to Point of Error No. Nine which we have concluded will require reversal and remand for a new trial. Under this point, Southland contends that the trial court erred by admitting into evidence a Texas Employment Commission Appeal Tribunal Decision (TEC decision) on the grounds that it was hearsay, it was not authenticated and it had not been disclosed in response to a discovery request. A copy of the TEC decision in question was offered into evidence during Burnett's direct examination and subsequently admitted over vigorous defense objections, the court stating only that it was relevant and "no secret."

In its pretrial interrogatories filed July 28, 1987, Southland had requested Burnett to identify, inter alia, any document or writing that she claimed was relevant to the issues raised in her pleadings (with a reminder of her duty to supplement). In her supplemental answers to the interrogatories, Burnett not only identified but also furnished copies of a number of documents, letters and writings, but neither mentioned nor furnished a copy of the TEC decision. (It appears that a copy of the TEC decision had been mailed by TEC to Southland on April 28, 1986.)

Under Tex.R.Civ.P. 166b(6), a party to whom interrogatories have been submitted has a duty seasonably to supplement the answers given if he obtains information or otherwise determines that the answers are no longer correct or complete, and the circumstances are such that the failure to amend or supplement would be misleading. A party who fails to supplement his response to a request for discovery shall not be entitled to present that evidence which the party was under a duty to provide in his response or supplemental response, unless the trial court finds that good cause exists sufficient to require the admission. Tex.R.Civ.P. 215(5).

The exclusion of evidence is automatic under Rule 215(5) unless good cause is found by the trial court. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297–298 (Tex. 1986). The burden is on the party offering the evidence to show good cause why it

should be admitted despite the failure to respond or supplement. *Morrow*, 714 S.W.2d at 298; *E.F. Hutton & Company, Inc. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987). The fact that there was no surprise or, as the judge put it, "no secret" to the opposing party is not good cause. *Morrow*, 714 S.W.2d at 298; *E.F. Hutton* 741 S.W.2d at 364. The trial court erred by admitting the TEC decision into evidence over Southland's objection.

■ Having found that the court below erred by admitting the document in question, the judgment can be reversed only if it is shown "that the error was reasonably calculated to cause and probably did cause rendition of improper judgment." *Gee v. Liberty Mutual Fire Insurance Company*, 765 S.W.2d 394, 396 (Tex.1989); Tex.R. App.P. 81(b). Ordinarily, reversible error will not be found where the objectionable evidence is merely cumulative and not controlling on a material issue dispositive of the case. *Gee*, 765 S.W.2d at 396. To determine whether the offensive evidence was controlling, the court must review the entire record. *Gee*, 765 S.W.2d at 396. A thorough review of the record makes it apparent that the admission of the TEC decision was harmful error. The appeals referee who wrote the decision concluded that Burnett was terminated by Southland "while off duty due to a work-related injury for which she was receiving disability payments and for which she successfully filed a worker's compensation claim." He also concluded that Southland, through its insurance carrier, was kept posted as to Burnett's condition until she was released for work. Thus, the TEC decision was the only definitive evidence on the issue of Southland's knowledge concerning her continuing disability at the time of discharge. This has a direct bearing on the reasons for Burnett's discharge and the character of Southland's action relative to the exemplary damage question. Point of Error No. Nine is sustained.

■ In Point of Error No. Twelve, Southland claims that the trial court erred in admitting evidence of a 7–11 store's gross monthly receipts and the number of stores owned by Southland. The highly speculative evidence, admitted over proper relevancy objections, was to the effect that Southland had 4,000 stores and that each store had $35,000.00 to $38,000.00 gross sales per month. Based on such evidence, plaintiff's counsel argued (in his closing argument):

> Each store grosses, at least that they're willing to admit, $30,000 a month, $40,-000 a month. You multiply that by only the stores of—4,000 stores and you're up there in the millions per month. I almost died ... Do you think these big money magnates buy things to lose? ... We're talking about a lot of money....

While evidence of a defendant's net worth is admissible in a case where exemplary damages are in issue, *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex.1988), a defendant's monthly gross does not equate with his net worth and in fact, has no reasonable relationship to it. It was error to admit evidence of gross sales or gross receipts as relevant to a determination of Southland's ability to pay exemplary damages. After considering the entire record, we conclude that the court's error in admitting such evidence over objection amounted to such a denial of the rights of Southland as was reasonably calculated to cause and in all probability did cause rendition of an improper judgment and was therefore reversible error. Tex.R.App.P. 81(b). Southland's twelfth point of error is sustained.

Of Southland's remaining points of error, it is unnecessary for us to consider the legal and factual sufficiency Points of Error Nos. One through Eight since the case is to be retried. Points of Error Nos. Ten, Eleven, Thirteen and Fourteen are without sufficient merit to require reversal and are accordingly overruled.

Reversed and remanded for new trial.