**CONCUR & DISSENT and Opinion Filed January 18, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00794-CV

## IN RE XTC CABARET (DALLAS), INC., Relator

**Original Proceeding from the 116th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-13178**

## CONCURRING AND DISSENTING OPINION
Opinion by Justice Schenck

In this negligence and premises liability case, the real party in interest seeks to recover damages for injuries she sustained from an assault that occurred in a parking lot she contends was controlled by relator at the operative time. Real party propounded discovery to relator and sought to compel production of same after relator objected to doing so. The trial court signed an order compelling relator to produce some of the requested documents. Relator filed a petition for writ of mandamus seeking to vacate the trial court's order as to three categories of documents.

I concur with the majority in the denial of relator's petition insofar as it concerns the portion of the trial court's order compelling production of incident

reports and instructions and policies concerning safety and security. I dissent from the majority's denial of the petition to the extent relator seeks to set aside the portion of the trial court's order compelling it to produce documents evidencing or reflecting its gross income for the years 2017 and 2018 because the requested information is not relevant to any issue in this case.

## BACKGROUND

On January 1, 2019, relator hosted a new year's party. Around 2:30 a.m., real party was assaulted in a parking lot adjacent to relator's place of business. More particularly, real party asserts that the assailant slammed his vehicle's door into her vehicle, he punched her several times and then attempted to run over her with his vehicle and exit the parking lot. Two security guards shot into the assailant's vehicle, killing him.

Real party sued relator and others asserting various claims against them. As to relator, real party asserts claims of negligence, negligent hiring, retention, supervision, training, premises liability, and gross negligence. Discovery ensued, leading to the order that is the subject of this original proceeding.

## AVAILABILITY OF MANDAMUS RELIEF

Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "Generally, the scope of discovery is within the trial court's discretion," but "the

trial court must make an effort to impose reasonable discovery limits." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). An order that compels discovery well outside the bounds of proper discovery is an abuse of discretion. *Id.*

Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) (citing *In re Prudential Ins. Co.*, 148 S.W.3d at 136). If an appellate court cannot remedy a trial court's discovery error by appeal, then an adequate appellate remedy does not exist. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). A party would have no adequate remedy by appeal, for example, where it has already been forced to gather and produce "patently irrelevant" information such that it clearly constitutes harassment. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding).

## DISCUSSION

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter and is "reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). Discovery requests must be reasonably tailored to include only relevant matters. *In re CSX Corp.*, 124 S.W.3d at 152.

Real party's claims against relator center on whether relator owed her a duty, breached that duty, and whether the breach caused her harm, and on whether relator had actual or constructive knowledge of the condition causing the injury, the injury posed an unreasonable risk of harm, relator failed to take reasonable care to reduce or eliminate the risk, and relator's failure to use reasonable care to reduce or eliminate risk was the proximate cause of injuries to real party. *See Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (listing elements of premises liability claim); *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001) (listing elements of negligence claim). Relator's gross income has no relevance to the claims real party asserts against it.

Although real party alleges entitlement to exemplary damages, only current net worth is potentially relevant to that issue. *See In re Potashnik*, No. 05-19-01188-CV, 2020 WL 1933796, at *2 (Tex. App.—Dallas Apr. 22, 2020, orig. proceeding) (mem. op.). Even assuming for present purposes that it would be relevant at this stage of the litigation, net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles. *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). Gross income does not equate to net worth and has no reasonable relationship to it. *Southland Corp. v. Burnett*, 790 S.W.2d 828, 830 (Tex. App.—El Paso 1990, no writ). Relator's gross income for 2017 and 2018 has no bearing on its current net worth or any other live issue in the case. Thus, it is not relevant and, absent some

–4–

other showing, it is neither discoverable nor tailored to meet the trial court's obligation to avoid undue burden. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam); *K Mart v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding) (per curiam); *Kern v. Gleason*, 840 S.W.2d 730, 738 (Tex. App.—Amarillo 1992, orig. proceeding). Accordingly, I believe relator met its burden of establishing the trial court abused its discretion in ordering the production of documents concerning its 2017 and 2018 gross income.

### ADEQUATE REMEDY BY APPEAL

Because relator would be forced to produce irrelevant information that is sensitive in nature, I conclude we would not be able to cure the trial court's error and relator would not have an adequate remedy by appeal. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding).

### CONCLUSION

Because the trial court clearly abused its discretion in compelling relator to produce information concerning its gross income and relator does not have an adequate remedy by appeal, I dissent from the majority's conclusion relator has failed to show it is entitled to relief from the trial court's order compelling it to produce same.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210794DF.P05

–5–